ANNIE HOLLANDSWORTH DEAN AND J. W. DEAN, HER HUS-
BAND, ALICE HOLLANDSWORTH TURNIPSEED AND E. A.
TURNIPSEED, HER HUSBAND, AND THE BANK OF DUN-
NELLON, *Appellants, v.* A. B. CREWS AND ELLEN COX,
*Appellees.*

Opinion filed March 29, 1919.

1.  In the construction of a will, the intention of the testator, as
    therein expressed, shall prevail over all other considera-
    tions, if consistent with the principles of law. To this great
    rule in the exposition of wills, all others must bend.

2.  An executory devise is such a limitation of a future inter-
    est in lands or personal chattels as the law admits in the
    case of a will, though contrary to the rules of limitation in
    conveyances at common law.

3.  A bequest in the words "upon the youngest of my four chil-
    dren arriving at the age of twenty-one years I give and be-
    queath, share and share alike, to my said four children all
    my real and personal property of whatever kind or nature
    not heretofore disposed of." Held, to take effect when and
    at the time the youngest of the four children arrives at the
    age of twenty-one years.

An Appeal from the Circuit Court for Marion County;
W. S. Bullock, Judge.

Order reversed.

*H. M. Hampton* and *H. N. Randolph,* for Appellants;

*John U. Bird* and *Davis Moon,* for Appellees.

WHITFIELD, J.—In a suit for the partition of land a
demurrer to the bill of complaint was overruled, and the
defenadnts appealed. It appears that Charles H. Hol-

landsworth died testate on January 20, 1907, leaving a widow, three daughters, Annie, Estel and Alice, and one son, C. W. Hollandsworth; that subsequent to the death of the testator his daughter Annie married J. W. Dean; that Alice married E. A. Turnipseed; that on June 21, 1909, C. W. Hollandsworth died intestate and unmarried, leaving as his heirs his three sisters and his mother; that Estel married A. B. Crews, and that Estel died intestate on August 22, 1910, without issue, leaving her husband her sole heir at law; that the youngest daughter, Alice, arrived at the age of twenty-one years on July 14, 1916. Other allegations need not be stated.

The question to be determined is the rights of the respective parties under the last clause of bequest in the will of Charles H. Hollandsworth, the will being as follows:

"Know all men by these presents; that I Charles H. Hollandsworth being of sound mind and disposing memory, do hereby make this my last will and testament, revoking and rescinding any and all wills heretofore made.

"That after paying all my just debts, including those of my last illness and funeral, and the cost of a suitable stone to mark my last resting place, which stone shall not cost more than the sum of one hundred and twenty-five dollars, I give and bequeath to my daughters Annie, Ester and Alice each the sum of one thousands dollars to be paid out of the cash on hand at the time of my death, or persnal property owned by me, at that time, said sums to be paid to my said daughters at such time as the youngest shall arrive at the age of twenty-one years.

"That if when said youngest daughter shall have reached the age of twenty-one years, there shall remain in the hands of the executor of this will more than the

sum of three thousand dollars, then the surplus up to one thousand dollars shall be paid to my son C. W. Hollandsworth, and the surplus, if any, over that shall be distributed equally between my four children above mentioned.

"Upon the youngest of my four children arriving at the age of twenty-one years I give and bequeath, share and share alike, to my said four children all my real and personal property of whatever kind or nature not heretofore disposed of. The rents and profits of said property, up to the time that said youngest child shall have arrived at the age of twenty-one, shall be applied to the maintenance and education of my three daughters above mentioned.

"I hereby appoint Charles Y. Miller executor of this my last will and testament: In witness whereof I have hereunto set my hand this 29th day of December, A. D. 1906.

"C. H. Hollandsworth."

. In the construction of a will the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this first great rule in the exposition of wills all others must bend. Lines v. Darden, 5 Fla. 51.

"An executory devise. is such a limitation of a future interest in lands of personal chattels as the law admits in the case of a will, though contrary to the rules of limitation in conveyances at common law. Freame, Rem. (7th Ed.) 386; 2 Bl. Com. 172. It was defined in Paterson v. Ellis, 11 Wend. (N. Y.) 278, as being 'a devise of a future interest in lands or chattels, not to take effect at the testator's death, but limited to arise upon some future contingency.' Unlike a remainder, it requires no

particular estate to support it (Burleigh v. Clough, 52 N. H. 273, 13 Am. Rep. 23), and may be limited upon a fee. It is not called an estate. In truth it is not. It is an interest, dependent upon the happening of one or more contingencies to ripen it into an estate. It is expectancy, something more than an heir presumptive has." Stallcup v. Cronley's Trustee, 117 Ky. 547, text 552, 78 S. W. Rep. 441.

The bequest contained in the first clause of bequest was manifestly intended to vest at the death of the testator, but the payment of it was to be postponed until the youngest daughter became twenty-one years of age.

The next bequest is clearly to become vested, if at all, when the youngest daughter reaches the age of twenty-one.

Obviously the language of the last bequest is quite unlike that of the first and quite like that of the second. This difference in terms plainly indicates a difference in intent. The manifest purpose of the last bequest is that the property covered by it shall remain in abeyance, as the law permits in cases of wills, the rents and profits therefrom to be applied to the maintenance and education of the testator's three daughters, the bequest to vest in a stated class of persons, the testator's four children, "upon the youngest of" them "arriving at the age of twenty-one years." By this clause the residuary bequest was to a class, to become vested upon the happening of a future event, · viz, the youngest daughter becoming twenty-one years of age, which event did not happen till after the death of two of the class, i. e., the brother and one of the sisters, Mrs. Crews. See In re Melcher, 24 R. I. 575, 54 Atl. Rep. 379.

As only Mrs. Dean and Mrs. Turnipseed were living when the youngest child, Mrs. Turnipseed, became twenty-one years of age, only the two were capable of taking "share and share alike" the residue of the testator's estate. C. W. Hollandsworth and Mrs. Crews having died before the residuary estate became vested, they had at their death no "estate of inheritance" in such residuary bequest to transmit by inheritance to their heirs at law. See Sec. 2295, Gen. States. as amended by Chap. 5911, Acts of 1909, Sec. 2295, Compiled Laws, 1914.

As the bill was brought by A. B. Crews and the widow of the testator upon the theory that the former inherited a part of the residuary estate through his deceased wife, and that the widow of the testtator inherited a part of the residuary estate through her deceased son, C. W. Hollandsworth, and as neither Mrs. Crews nor C. W. Hollandsworth took an estate of inheritance under the residuary bequest, they having died before such residuary estate became vested, they had no estate of inheritance to transmit as claimed. This being so, the demurrer to the bill of complaint should have been sustained.

Order reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.