MILDRED REWIS, A MINOR, BY HER NEXT FRIEND, W. F. HUTCHINSON, *Appellant*, v. WILLIAM H. REWIS, ROBERT D. REWIS, ELIZABETH REWIS, MINNIE MCNATT, ELLA SLAUGHTER, CHARLES M. REWIS, AARON RYALS AND HORACE W. RYALS, *Appellees*.

Opinion Filed February 4, 1920.

Petition for rehearing denied March 11, 1920.

1. In the construction of a will, the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend.

2. The courts should give effect to the intent of a testator as expressed in the will when such intent accords with law; and a will should be so construed as to give effect to every word and every part thereof without change or rejection, and the several clauses should be made to harmonize, and effect given to all, provided the effect is not inconsistent with the general intent and purpose of the testator as gathered from the entire instrument.

3. A will cannot be construed by a mere conjecture as to the intention of the testator; but it is the intention which the testator expresses in his will that controls and not that which he may have had in his mind.

4. Where a devise is to the testator's daughter "to have and to hold during her life time and at her death to go to her living children," only the children of the life tenant who were living at her death took remainders in the property at the death of the life tenant.

An Appeal from the Circuit Court for Duval County, Daniel A. Simmons, Judge.

Order affirmed.

*R. B. Huffaker*, for Appellant;

*George C. Martin*, for Appellees.

WHITFIELD, J.—This appeal is from an order sustaining a demurrer to a bill in equity for partition of lands. It appears that Emily Taylor devised certain real estate to her daughter, Margaret Ann Jane Rewis, "to have and to hold during her lifetime and at her death to go to her living children;" that complainant's father, Lonnie T. Rewis, was a son of Margaret Ann Jane Rewis; that he died after the death of the testatrix, Emily Taylor, and before the death of his mother, the life tenant, Margaret Ann Jane Rewis; that complainant is the only surviving child and heir at law of Lonnie T. Rewis, deceased; that he claims a share in the lands upon the theory that the devise created a vested remainder in the children of the life tenant, Margaret Ann Jane Rewis, complainant's father being one of the children.

If the devise created a vested remainder in the children of the life tenant, complainant is entitled to his share of the land. If the devise created a contingent remainder in the children of the life tenant who were living at her death, the complainant has no share in the land, since his father died before his mother, the life tenant, died.

In the construction of a will, the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend. Dean v. Crews, 77 Fla. 319, 81 South. Rep. 479;

Miller v. Gaskins, 11 Fla. 73; Lines v. Darden, 5 Fla. 51; Perkins v. O'Donald, 77 Fla. 710, 82 South. Rep. 401; Floyd v. Smith, 59 Fla. 485; 51 South. Rep. 537, 138 Am. St. Rep. 133; 40 Cyc. 1386, 1388; 30 Am. & Eng. Ency. Law (2nd ed.) 764.

The courts should give effect to the intent of a testator as expressed in the will when such intent accords with law; and a will should be so construed as to give effect to every word and evey part thereof without change or rejection, and the several clauses should be made to harmonize, and effect given to all, provided the effect is not inconsistent with the general intent and purpose of the testator as gathered from the entire instrument.    30 Am. & Eng. Ency. Law (2nd ed.) 664.

The intention which controls in the construction of a will is that which is manifest, either expressly or by necessary implication, from the language of the will, as viewed, in case of ambiguity, in the light of the situation of the testator and the circumstances surrounding him at the time it was executed, although technical words are not used; or, as is sometimes said, the testator's intention must be ascertained from the four corners of the will. Hence a will cannot be construed by a mere conjecture as to the intention of the testator; but it is the intention which the testator expresses in his will that controls and no that which he may have had in his mind.    40 Cyc. 1388.

In Paul v. Frierson, 21 Fla. 529, it was held that a conveyance of land by a person in trust for his wife, M. "for and during the term of her natural life, and at her death, the said property *  *  * shall be equally divided among such of her children by me begotten as she may leave surviving her," created a contingent remainder for

the benefit of the children of the two parties whom the life tenant "may leave surviving her." In that case the trust deed provided for "the child or children of a deceased child to take that portion to which its parent would have been entitled," and a grandchild was entitled, as against her father to the share of her mother who was a daughter of the parties but who died before the life tenant died. The grandchild took a contingent remainder share under the will and not as heir of her mother who took nothing as she died before the life tenant.

In this case as in the Paul-Frierson case, only the children of the life tenant who survived her had a remainder interest in the lands. But in this case there is no provision as in the Paul-Frierson case for "the child or children of a deceased child to take that portion to which its parent would have been entitled," had such parent survived the life tenant. Having devised the property to her daughter "to have and to hold during her lifetime," it was not necessary to employ the words, "and at her death," to go to her living children unless it was the intention of the testatrix by such quoted words to fix the meaning of "her living children" as those living at the death of the life tenant.

The uncertainty as to which of the life tenant's children would survive her made the remainders "at her death to go to her living children," contingent and not vested remainders. 23 R. C. L. 501, 516; 13 Cyc. 638.

In this case only the children of the life tenant who were living at her death took remainders in the property at the death of the life tenant. See Inge v. Jones, 109 Ala. 175, 19 South. Rep. 435; Jackson v. Everett, —— Tenn. ——, 58 S. W. Rep. 340; Olney v. Hull, 21 Pick. (Mass.) 311; 24 Am. & Eng. Ency. Law (2nd ed.) 397;

In re Moran's Will, 118 Wis. 177, 96 N. W. Rep. 367; Van Tilburgh v. Hollinshead, 14 N. J. Eq. 32; Roundtree v. Roundtree, 26 S. C. 450, 2 S. E. Rep. 474; Robertson v. Guenther, 241 Ill. 511, 89 N. E. Rep. 689, 25 L. R. A. (N. S.) 887, 897 and notes.

As the will limited the remainders to the life tenant's "living children" at her death, and as the complainant was a grandchild whose parent died before the death of the life tenant, and as the will made no provision that the children of the life tenant's deceased children should take the portion to which their parents would have been entitled, had they survived the life tenant, the complainant has no share in the devised property sought to be partitioned.

Order affirmed.

BROWNE, C. J. AND WEST, J., concur.

TAYLOR AND ELLIS, J. J., dissent.