CLARENCE W. BROWN, JESSIE WASHINGTON AND C. S. WASHINGTON, HER HUSBAND, *Appellants*, v. ANDREW HARRIS, *Appellee*.

Division B.

Opinion Filed November 9, 1925.

Petition for Rehearing denied December 7, 1925.

1. In the construction of a will, the intention of a testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend.

2. A devise by a wife to her husband of "all my property * * * to be used as he sees fit during his life, at his decease all that remains to be left to" C. and J., nephew and niece of the testatrix, "in equal shares," gives to the husband a life estate only and does not by implication confer upon the husband a power to convey the fee simple title to real estate in Florida.

An Appeal to the Circuit Court for Pinellas County; F. M. Robles, Judge.

Reversed.

*Hilton S. Hampton* and *Hilburn & Pencke*, for Appellants;

*D. C. McMullen*, for Appellee.

WHITFIELD, P. J.—The will of Mary E. Harris contains the following: "I bequeath and devise * * * to my husband, Andrew J. Harris, all my property in Millbury and Florida, to be used as he sees fit during his life, at his decease all that remains to be left to Clarence W. Brown and Jessie Washington, of Safety Harbor, Florida, in equal shares."

It appears that Millbury is in the State of Massachusetts and that the property of the testator consists of real estate and some personal property in Massachusetts and 80 acres of land in Florida, two acres of which latter is enclosed and set with orange trees. Clarence W. Brown and Jessie Washington are the nephew and niece of the testatrix.

The chancellor decreed ''that the will of Mary E. Harris gives to Andrew J. Harris a life estate, with power of disposal, in all property belonging to the said Mary E. Harris at the time of her decease; that the rights of the defendants Clarence W. Brown and Jessie Washington are depended upon the failure of the said Andrew J. Harris to exercise his right and power of disposal, and such right of the defendants shall attach only to the property not disposed of by the complainant during his life; and that Andrew J. Harris shall have the power and authority, if he sees fit to exercise it, to encumber, sell, convey and dispose of in fee simple the 80 acres of land described in the bill of complaint, * * * less the ten (10) acres heretofore conveyed to Clarence W. Brown, * * * and the title of the said Andrew J. Harris in and to the said lands is quieted against the claims of the defendants to the extent of the right granted him hereby to encumber, sell, convey and dispose of said property, and the defendants, and each of them, is forever enjoined and restrained from molesting or interfering with the complainant, Andrew J. Harris, in the exercise of the right hereby granted him.''

An appeal was taken.

In the construction of a will, the intention of a testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend. Rewis v. Rewis, 79 Fla. 126, 84 South. Rep. 93; Cole v. Cole, 88 Fla. 347, — South. Rep. —; Dean v. Crews, 77 Fla. 319, 81 South. Rep. 479.

The will gave the husband a life. estate and not a fee in the real estate in Florida. Haviland v. Haviland, 130 Iowa 611, 105 N. W. Rep. 354, 5 L. R. A. (N. S.) 281; Burham v. Turkle, — Iowa —, 153 N. W. Rep. 1017.

The provisions "to be used as he sees fit during his life, at his decease all that remains to be left to" others, do not by implication confer upon Andrew J. Harris a power to convey the fee simple title to the real estate in Florida. See Brant v. Virginia Coal & Iron Co., 93 U. S. 326; 83 N. E. Rep. 1077.

Reversed.

STRUM AND BROWN, J. J., concur.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur in the opinion.