MARY SELINA MOSGROVE, as Executrix of the Last Will and Testament of Emil Mach, deceased, and individually, v. ROBERT MACH, *et al.*

ROBERT MACH, *et al.*, v. MARY SELINA MOSGROVE and OTTO MACH, as Executors, *et al.*

CROSS APPEAL.

182 So. 786.
Opinion Filed July 14, 1938.
Rehearing Denied August, 2, 1938.

460

*Akerman & Dial* and *Dickinson & Dickinson,* for Appellants;

*George P. Garrett* and *Lawrence Rogers,* for Appellees.

462

464

468

470

WHITFIELD, P. J.—In construing the will of a testator, the controlling objective is to determine from the entire written instrument the testamentary intent; and if such ascertained intent is not contrary to law or public policy and it is capable of being made effective to accomplish testator's intent with respect to the subjects, objects and purposes as expressed in the will, such ascertained legal intent should be carried into effect.

"In the construction of a will, the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend. Lines v. Darden, 5 Fla. 51; Russ v. Russ, 9 Fla. 105; Floyd v. Smith, 59 Fla. 485, 51 So. 357, 138 Am. St. Rep. 133, 37 L. R. A. (N. S.) 651, 21 Ann. Cas. 318; Dean v. Crews, 77 Fla. 319, 81 So. 479; Perkins v. O'Donald, 77 Fla. 710, 82 So. 401; Rewis v. Rewis, 79 Fla. 126, 84 So. 93; Cole v. Cole, 88 Fla. 347, 103 So. 78; Brown v. Harris, 90 Fla. 540, 106 So. 412; Arnold v. Wells, 100 Fla. 1470, 131 So. 400; First Trust, etc., Bank v. Henderson, 101 Fla. 1437, 136 So. 370, 378; Blocker v. Blocker, 103 Fla. 285, 137 So. 249; Byers v. Beddow, 106 Fla. 166, 142 So. 894, 896.

"The intention of the testator is the polar star to guide in the construction of a will. Russ v. Russ, 9 Fla. 105.

"And it is the duty of the court to give effect to such intention, where it can be ascertained from the will. State v. Beardsley, 77 Fla. 803, 82 So. 794.

"No rule of construction of mere words control the intention. Lines v. Darden, 5 Fla. 51; Floyd v. Smith, 59 Fla. 485, 51 So. 537, 138 Am. St. Rep. 133, 37 L. R. A. (N. S.) 651, 21 Ann. Cas. 318.

"And it should prevail against any perversion of words from their usual meaning. Lowrimore v. First Sav., etc., Co., 102 Fla. 740, 140 So. 887." 13 Enc. Digest Fla. Repts. 346. See also McClelland's Exr. v. McClelland, 132 Ky. 284; DePass v. Kansas Masonic Home, filed at this term.

In a will the words, "will and bequeath," may be sufficient to pass the title to real estate and to personalty, the context and the objectives of the will being duly considered in determining the intent of the testator in the use of the quoted or other words in the will. Sec. 3, Chap. 16103, Acts of 1933; Sec. 5457, Perm. Supp. 1936 to C. G. L.; 40 Cyc. 993; Mills v. Franklin, 128 Ind. 444, 28 N. E. 60; 69 C. J. 380, 916. See Allen v. Hunt, 213 Mass. 276, 100 N. E. 552; Steiff v. Seibert, 128 Iowa 746, 105 N. W. 328.

Where a testator doth "will and bequeath" a half part in the residue of his real and personal property to a designated person "for and during her natural life with remainder over" to his five nieces and nephews, he may afterward by definite provisions in the will enlarge the life estate by appropriate words expressing such an intent when consistent with the entire will. But such an intent to enlarge the life estate already limited may not be inferred from a right or power given to the life tenant to dispose of the "property bequeathed to her and to use the proceeds thereof as she may see fit," coupled with a statement that the testator's intent being to bequeath to her "her half interest of

said residue * * * without restrictions," when the *estate* is not enlarged expressly or by *necessary* implication, but the life estate is previously expressly and specifically limited and the intent to bequeath only a life estate is consistent with the will considered as an entirety, and the power or right to dispose of the property bequeathed is consistent with the testator's intent that such life tenant may continue to use the property bequeathed to her for life in a business enterprise, with its hazards and incidental changes in the uses and values of property, and the testator's expressed and otherwise manifest intent is that if the life tenant is at her death possessed of any of the property bequeathed to her, or of the proceeds from a disposition of her life estate or interest in the property, it shall be equally divided among the testator's nieces and nephews, the remaindermen after the death of the life tenant. See Brown v. Harris, 90 Fla. 540, 106 So. 412. See notes to 2 A. L. R. 1243; 27 A. L. R. 1381; 69 A. L. R. 825; Kimp v. Thomas, 81 N. J. Equity 103, 85 Atl. 815; Wooster v. Cooper, 53 N. J. Equity 682, 33 Atl. 1050; Smith v. Bell, 31 U. S. 68, 8 L. Ed. 322; Brant v. Va. Coal & Iron Co., 93 U. S. 327, 23 L. Ed. 927; Roberts v. Moseley, 100 Fla. 267, 129 So. 835; Redfearn: Wills and Admin. of Estates in Fla., pp. 273, 333.

The will contains five "Items." Item 1 gives directions as to the burial and the payment of the testator's debts. Items 2 and 3 and the first sentence of Item 4 make separate specific bequests to the testator's two brothers and to Mrs. Mary Selina Mosgrove.

"Item 5. I hereby appoint my brother, Otto Mach, of Orange County, Florida, and the said Mary Selina Mosgrove, executors of this my Last Will and Testament with full authority without any order of any court to sell, mortgage or dispose of any of my real or personal property at public or private sale or to do any and all other acts that

they may deem necessary and proper to carry out this my Will, and I hereby expressly relieve them and each of them of the necessity of making bonds or returns as such executors to any Court. However, it is my wish that they jointly carry on my business, the Mach Lumber & Crate Mill, as long as they shall deem it practical, they sharing the income thereof, in accordance with Item 4 of this my Will."

While the will cannot curtail the powers of the courts to require right and justice to be done to creditors and legatees and devisees including remaindermen, Item 5 of the will purports to confer full powers upon the named executors to deal* with the property of the estate as "they may deem necessary and proper *to carry out this my will,"* without bond or returns or court orders; and also expresses the testator's wish that the executors "jointly carry on my business, the Mach Lumber & Crate Mill, as long as they shall deem practical, they sharing the income thereof, in accordance with Item 4 of this my will." Of course, if the executor, Otto Mach, survives the executrix, the *joint* operation of the "business" could not continue longer than the life of the executrix, Mrs. Mosgrove, the life tenant of one-half interest in the residue of the testator's property which includes "the Mach Lumber & Crate Mill," etc.

In Item 4 of the will, the words "will and bequeath" are intended to and do give title to both real and personal property embraced in the residuary devise.

After making specific bequests in Items 2, 3 and in the first sentence of Item 4, the testator in Item 4 of his will directs that "all the rest and residue of my property of whatever description and wherever located," which, as shown by the will, includes both real and personal property, shall be divided into two equal parts by his executors. One part of which he bequeathed to his brother, Otto Mach, in fee

simple. The other part of said residue he bequeathed to Mrs. Mary Selina Mosgrove "for and during her natural life, with remainder over to my five (5) nieces and nephews * * * share and share alike." This gave to Otto Mach a fee simple interest in one-half of the "residue" of the testator's property; and in contrast gave to Mrs. Mary Selina Mosgrove "the other part of said residue" "for and during her natural life with remainder over." Continuing, Item 4 provides: "However, the said Mary Selina Mosgrove shall have the right to sell, mortgage, pledge or dispose of any of the *real or personal property bequeathed to her under this item of this my will* in any manner in which she shall see fit, and use the proceeds thereof in any manner she shall see fit, it being my intention to bequeath this *her half interest* of said residue of my estate *without restrictions,* save and except that if she should possess *any of the same* at the time of her death, it is my will that it shall be equally divided among my said nieces and nephews."

In Item 4 of his will the testator bequeaths a half interest in the "residue" of his property "to Mrs. Mary Selina Mosgrove for and during her natural life with remainder over to" the testator's "five nieces and nephews." The testator then gave to Mrs. Mosgrove "the right to sell, mortgage, pledge or dispose of any of the real or personal property bequeathed to her under this item of this will in any manner in which she shall see fit, and use the proceeds thereof in any manner she shall see fit, it being my intention to bequeath her this her half interest of said residue of my estate without restrictions, save and except that if she should possess any of the same at the time of her death, it is my will that it shall be equally divided among my said nieces and nephews." These provisions of the will appear after the provision *expressly limiting* the estate already bequeathed to Mrs. Mosgrove in the "residue," to a half interest therein,

"for and during her natural life with remainder over" to the testator's five nieces and nephews. Such subsequent provisions confer a power; and do not expressly or impliedly enlarge the estate previously and specifically limited to a life estate "with remainder over" and such subsequent provisions do not clearly express or imply an intent of the testator that Mrs. Mosgrove shall have "the right to sell, mortgage, pledge or dispose of" more than the life estate in any of the real or personal property *bequeathed to her under this item of this my will.* The provision, "it being my intention to bequeath her this her *half interest* of said residue of my estate without restrictions, save and except that if she should possess *any of the same* at the time of her death, it is my will that it shall be equally divided among my said nieces and nephews," has reference to Mrs. Mosgrove's *"half interest* of said residue," and does not expressly or impliedly enlarge that interest beyond a life estate in such "half interest"; and the power just previously conferred is a right to dispose of any of the property "bequeathed to her under this item of this my will." The bequest to her was a "half interest" in the "residue," "for and during her natural life with remainder over to "the testator's "five nieces and nephews."

The "interest" or estate in one-half of the residue of the tetator's property that is bequeathed to Mrs. Mosgrove in Item 4 is expressly limited to an estate therein, "for and during her natural life with remainder over"; and the subsequent provisions in Item 4 do not expressly or impliedly enlarge the life estate previously expressly limited to Mrs. Mosgrove, but confer upon her a power or "right to sell, mortgage, pledge or dispose of any of the real or personal property bequeathed to her under this item of" the will. The will also expresses an intention of the testator "to bequeath her this her half interest of said residue of my es-

tate without restrictions, save and except that if she should possess any of the same at the time of her death, it is my will that it shall be equally divided among my said nieces and nephews." Such provision considered with the whole of Item 4 and the entire will, likewise does not expressly or impliedly enlarge the life estate previously expressly and specifically limited to Mrs. Mosgrove. The words "to bequeath" and "her half interest" and "without restrictions" in the connection used do not severally or in conjunction express or imply an intent to enlarge the *"interest"* or the estate in one-half of the "residue" that had already been expressly and specifically limited to Mrs. Mosgrove "for and during her natural life with remainder over to my five (5) nieces and nephews, the children of the said Otto Mach and Ernest Mach, share and share alike." The words, "without restrictions," as used and when considered in connection with the words and purpose of the first part of the same sentence, refer to the power or right to dispose of the property "bequeathed to her" and do not operate to enlarge the life estate expressly limited to her in the previous sentence of the will, or to affect the remainder over.

The right or power conferred upon Mrs. Mosgrove to sell, mortgage, pledge or dispose of any of the property "bequeathed to her under this item of this my will" is necessarily limited to that which is appropriate and legal to effectuate the provisions of the will according to the testator's intention as it may be duly interpreted by the courts.

Because of the business enterprise in which most of the residue of the estate was used and the testator's contemplation that such business, with its hazards and varied uses of property, might be continued by his executors, one of whom was the life tenant of a half of the residue of the estate, thereby needing changes in the property bequeathed,

the power or right to dispose of any of the property bequeathed to the life tenant not in excess of her life estate or interest therein was expressly though inaptly provided for by the testator who desired a continuance of the business enterprise.

The provisions of the will considered as an entirety clearly negative any intent of the testator to authorize the life tenant to dispose of the fee simple title. to the half interest in the property bequeathed to her and specifically limited to an estate "for and during her natural life with remainder over," so as to destroy or unduly impair the vested remainder expressly bequeathed to the testator's five nieces and nephews.

Any portion of the half interest of the personal property or the value thereof bequeathed to the life tenant and not lost or consumed in the proper use of it by the life tenant, and any portion of or interest in the real estate or the value thereof that becomes "her half interest of said residue" as a life estate therein, which she should possess at her death was intended by the testator to go to his five nieces and nephews as designated remaindermen. The remainder was vested to come into possession of the life tenant; and the remainders may be in values if so legally determined.

If it is desirable to dispose of a fee simple estate in any of the property in which Mrs. Mosgrove has a life estate, a court of equity may control the disposition of, and the conservation of, the values of the remainder.

The testator's will expresses no intent that the residue of the estate shall be arbitrarily considered as, or converted into, personalty.

It is assumed that Item 1 of the will has been complied with by the payment of the *testator's* debts.

The bequest to Otto Mach of a fee simple estate in one-half of the "residue," and the bequest to Mrs. Mosgrove of

the other half "for and during her natural life with remainder over" to designated nieces and nephews of the testator, were present bequests to the first takers, the portions to be ascertained as stated in the will, with vested remainder over after the expiration of the life estate bequeathed to Mrs. Mosgrove in one-half of the "residue."

Affirmed.

TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating because of illness.