110 So.2d 698 (1959)
John K. RICHARDS, Albert C. Steece, Jr., Norman B. Walton, as Successor Trustee under the Will of Ella W. Steece, Deceased, and Martha Steece Jacobs, Appellants,
v.
Roger H. WEST, as Executor of the Last Will and Testament of Amy B. Steece, Deceased, Appellee.
No. A-383.
District Court of Appeal of Florida. First District.
April 14, 1959.
*699 Ossinsky & Krol, Daytona Beach, for appellants.
Roger H. West, Daytona Beach, for appellee.
H.B. CROSBY, Associate Judge.
This appeal is taken by appellant remaindermen from a decree in which the chancellor below, upon motion of appellee executor of the estate of a deceased life tenant, dismissed with prejudice the complaint filed by appellants to establish their claim resulting from alleged improper dispositions of personal property subject to their remainder interest. The facts recited below are drawn from the complaint.
Ella W. Steece died in Ohio on November 29, 1924, leaving a will that was duly admitted to probate in that state. The will among other things provided:
"All the remainder and residue of my estate and property of every sort, *700 kind and description, wherever it may be situated or located, which I may own at my decease, I will, bequeath and devise as follows:
* * * * * *
"(b) The undivided one-fifth (1/5th) part thereof to Amy B. Steece for and during her natural life, she using the income, and if necessary so much of the property itself to sustain and maintain herself in a good and comfortable way and manner, and whatsoever is left of said property, together with any income that may be left at the time of her death, the title shall pass to and be vested in the following persons:
"(1) One-fourth (1/4th) part thereof to my daughter, Anna S. Richards, and if she be deceased at that time, to the children of said Anna S. Richards who then are alive.
"(2) The undivided one-fourth (1/4th) part to my son, Albert C. Steece, and should he not be living at said time, to-wit, at the death of Amy B. Steece, then said one-fourth (1/4th) to pass to and be the property of said A.C. Steece's child or children.
"(3) The undivided one-fourth (1/4th) part thereof shall pass to and be the property of my daughter, Helen Ball, if she is still living at the time of the death of said Amy B. Steece, and if my said daughter be then deceased, then to any child or children that may survive my said daughter, Helen Ball, and
"(4) The remaining one-fourth (1/4th) part to go to and be the property of A.C. Steece, as Trustee, and for the uses and purposes as the other property which is willed to Albert C. Steece as Trustee under the provisions of this will."
Amy B. Steece died in Volusia County, Florida, on April 25, 1956, and her will has been admitted to probate in that county. The complaint lists certain personal property received under the quoted bequest by Amy B. Steece during her lifetime that remains unaccounted for (though the appellants, surviving remaindermen under the bequest of Ella W. Steece, did receive other personal property from the estate of Amy B. Steece). It also alleges that there may be other assets of the estate of Ella B. Steece received by Amy B. Steece as life tenant and not accounted for nor known to the remaindermen. Concerning the supposed wrongful disposition by the life tenant, appellants aver in the complaint:
"That the said Amy B. Steece had more than sufficient assets in her own right during her lifetime, including income from all sources, to sustain and maintain herself in a good and comfortable way and manner, without the necessity to use any of the corpus of the assets of the Estate of Ella W. Steece, deceased."
The remaindermen seasonably filed in the county judge's court their claim against the estate of Amy B. Steece, setting forth substantially the foregoing allegations, the executor filed objections, and the remaindermen thereupon instituted this proceeding in the circuit court praying that their claim against the estate be affirmed, that the objections to their claim be overruled and denied, and that defendant be required to make full discovery of the assets of the estate of Ella W. Steece received by Amy B. Steece as life tenant and unaccounted for to the remaindermen.
The chancellor, in his order granting appellee's motion to dismiss the complaint, found the facts of the case such that the complaint could not be amended to state a cause of action and dismissed it with prejudice. The order does not otherwise recite his reason for this action. Though the motion set forth numerous grounds for dismissal, we will confine our discussion to those points raised in the briefs of the parties that we consider necessary to dispose of this appeal. It may be noted in *701 passing that the case is submitted without oral argument.
The parties agree, as do we, that the effect of the provision of the Ella W. Steece will quoted above was to bequeath to Amy B. Steece an estate for life with power of disposition over the corpus of the personal property that passed to her under the will.[1] They differ, however, as to the extent of the power or, more exactly, as to the discretion vested in the life tenant. Appellants contend that the life tenant in these circumstances is not the sole judge of what was needed to sustain her in a good and comfortable manner and that an objective test should be applied in determining whether she properly exercised the power. Appellee takes the position that the exercise of the power of disposition by the life tenant was valid provided she acted in good faith, irrespective of her actual needs.
Though we find no Florida decision bearing directly on the question, there is support in other jurisdictions for each viewpoint. The cases are, in fact, legion in number and almost unlimited in variety. They are collected in four American Law Report Annotations,[2] and it would serve no useful purpose to review them in detail here. A few jurisdictions follow the view espoused by appellants. The majority favor the "good faith" rule advanced by appellee and apparently applied by the chancellor.
We think the majority view is correct. In our view, it best effectuates the intent of the testatrix. There can be little doubt that the testatrix intended that the life tenant be entrusted with the use and care of the property bequeathed to her during her lifetime and that the life tenant make the decision as to whether or not circumstances were such as to necessitate her use of the corpus. The words "maintain herself in a good and comfortable manner" are not susceptible of exact definition but imply, rather, a broad discretion on the part of the life tenant. If the testatrix had desired to place precise and narrow limitations upon the exercise of the power to invade, she could have done so. Examination of the entire will discloses that it was thoughtfully conceived and carefully drafted. It contains, for example, a spendthrift trust provision obviously designed to prevent improvident anticipation of income or erosion of principal by another of the beneficiaries (not involved in the present proceeding). We accordingly reach the conclusion that the testatrix Ella W. Steece intended to vest in Amy B. Steece the power to dispose of the corpus of the assets bequeathed to her as life tenant whenever Amy B. Steece in good faith determined that it was necessary to do so in order to maintain herself in a good and comfortable manner. It follows that the chancellor correctly dismissed the complaint for failure to allege facts that would show a lack of good faith on the part of the life tenant in the disposition of assets received by her under the will of Ella W. Steece.[3]
Appellant also assigns as error the finding of the chancellor that the facts of the case are such that the complaint cannot be amended to state a good cause of action and his consequent dismissal of the complaint with prejudice. On this ground reversal must be ordered. The advent of modern rules of procedure has brought with it the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits.[4] Granting leave to *702 amend rests, of course, in the sound discretion of the trial court; but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend will be abused.[5] Though it is possible to envision difficulties in establishing a claim of the kind asserted here, where the protagonist around whose activities the controversy centers is no longer living, we may not speculate as to questions not presented by the record before us and are limited in our consideration to the complaint and the exhibits annexed to it. From these we are unable to find that there exists no possibility of amending the complaint so as to state a cause of action.
Appellee seeks to justify the dismissal with prejudice on the ground that the complaint is predicated upon the claim filed in the probate proceeding, that the allegations in the claim are substantially the same as those in the complaint and subject to the same infirmity, that the claim has not been amended, and that there is consequently no basis for amendment of the complaint. The result produced by this course of reasoning demonstrates its fault. The probate law provides alternative methods for the establishment of a claim against the estate of a decedent.[6] Under one method  that followed in the present case  the claim must be filed in the county judge's court in which the estate is being administered. The personal representative, if he desires to contest the claim, must file objections in the probate court; and if objections are filed, the claimant must then initiate proceedings in a court of appropriate jurisdiction.[7] Under the alternative method suit may be instituted in a court of competent jurisdiction without the prior filing of a claim in the county judge's court.[8] If we were to follow the view advanced by appellee, the result would be that a claimant who followed the first procedure and found that he had improperly plead his claim in the first instance would, for practical purposes, be barred from an opportunity to amend his claim in the probate court and have the matter adjudicated on its merits in a court of competent jurisdiction. This manner of terminating litigation does not comport with the policy of freely allowing the amendment of pleadings. The better practice, in our opinion, is to allow plaintiffs in a situation such as the present one an opportunity to amend their complaint and as well, if necessary, the claim filed in the probate court.[9] This conclusion finds further support in the fact that the claimant who elected the alternative procedure could, in an otherwise identical situation, expect to have leave to amend liberally granted. We do not think such a distinction is intended.
The foregoing discussion disposes of the questions we considered germane to this appeal. Appellants devote a portion of their brief to the question of laches. Laches is not among the grounds included in appellee's motion to dismiss, nor is it mentioned in the order granting the motion. It is not apparent upon the face of the complaint, and we would not be justified in presuming that the chancellor had based his action upon such a finding. Similarly we do not discuss appellants' prayer for an accounting. To do so would also represent an attempt to anticipate the chancellor's action when and if the question is presented to him.
*703 Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with the views expressed herein.
WIGGINTON, Acting Chief Judge, and PEARSON, TILLMAN, Associate Judge, concur.
NOTES
[1] See Marshall v. Hewett, 1945, 156 Fla. 645, 24 So.2d 1; Mosgrove v. Mach, 1938, 133 Fla. 459, 182 So. 786; Brown v. Harris, 1925, 90 Fla. 540, 106 So. 412.
[2] 2 A.L.R. 1243, 27 A.L.R. 1381, 69 A.L.R. 825, 114 A.L.R. 946.
[3] Though not directly in point, Roberts v. Mosely, 1930, 100 Fla. 267, 129 So. 835, contains a passing reference to the "good faith" rule. See also Redfearn, Wills and Administration of Estates in Florida 296 (2d ed. 1946).
[4] Florida Rules of Civil Procedure, Rule 1.15, 30 F.S.A.
[5] Fouts v. Margules, Fla.App. 1957, 98 So.2d 394, and cases cited therein.
[6] Fla.Stats. 1957, § 733.16, F.S.A.
[7] Fla.Stats. 1957, § 733.18, F.S.A.
[8] Fla.Stats. 1957, § 733.16, F.S.A. If the alternative procedure is used, plaintiff is precluded from recovering suit costs or attorneys fees.
[9] A discussion of the liberality accorded probate claims, so long as an entirely new claim is not stated and no increase in amount is claimed, will be found in Wilson and McGehee, Probate Claims in Florida, 1 U. of Fla.L.Rev. 1, 12 (1948). There it is stated that amendment may be permitted even after the period for filing claims has expired. See Black v. Walker, 1939, 140 Fla. 48, 191 So. 25; Fla.Stats. 1957, § 733.17, F.S.A.