451 So.2d 1032 (1984)
Jessie O'NEILL, Appellant,
v.
Charles P. SACHER, et al., Appellees.
No. 83-2414.
District Court of Appeal of Florida, Third District.
June 26, 1984.
*1033 Fox, Carpenter, O'Neill & Shannon and Bruce O'Neill, Cunningham, Albritton, Lenzi & Warner, Marathon, for appellant.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, Imogene M. Synon, Key West, for appellees.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Jessie O'Neill appeals a final order construing her deceased mother's last will and testament in conjunction with a pour-over trust naming appellant as primary beneficiary. The trial court held that the "general intent and purpose of the testator as gathered from the entire Will" requires the 1974 pour-over trust to pay the expenses of the Plantation Key property as long as the testator's husband, Robert Austin, lives in the residence. We affirm.
At the heart of this litigation is a conflict among provisions of the daughter's 1974 trust, the mother's will and the codicil to the mother's will concerning the responsibility to pay expenses for the Plantation Key residence while Mr. Austin lives there. The daughter's 1974 trust authorizes the trustee to manage and preserve the "Settlor's residence in accordance with the provisions of Article [X] of Settlor's Last Will and Testament... ." Article X of the will devised to the husband the right to reside in Mrs. Austin's Plantation Key residence until his death, remarriage or vacation of the premises "without rent or other charge." Article X also directed the husband to "pay all expenses relating to the maintenance and upkeep of such residence... ." However, this portion of Article X was expressly revoked and replaced by Article V of the subsequent codicil, which provides that the maintenance and upkeep expenses of the Plantation Key residence are to be paid by the decedent's estate and the "Trust established in accordance with Article XI" of the will. The trust established in accordance with Article XI is a testamentary trust for the husband providing him with a lifetime annuity of *1034 $36,000 per year and an unlimited power of appointment as to the trust assets.
Mrs. O'Neill asserts that the irreconcilable conflict between the will and the codicil renders the later-drawn codicil controlling. The husband's trust, she contends, is therefore responsible for the expenses of the Plantation Key residence. We find no merit in appellant's contention. We see no reason to consider the codicil as an isolated segment of the decedent's testamentary scheme, especially when Article VII of the codicil expressly ratifies, confirms and effectively republishes the will. § 732.5105, Fla. Stat. (1977)[*].
The objective in construing a will is to determine the intent of the testator, Mosgrove v. Mach, 133 Fla. 459, 182 So. 786 (Fla. 1938); In re Estate of Johnson, 347 So.2d 785 (Fla. 1st DCA 1977); In re Estate of Parker, 110 So.2d 498 (Fla. 1st DCA), cert. denied, 114 So.2d 3 (Fla. 1959), from a consideration of the instrument as a whole. Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA), review denied, 440 So.2d 352 (Fla. 1983). When the will contains provisions that seem to conflict, it is the duty of the trial court to harmonize and reconcile the conflicts to give effect to the testamentary intent. Meszaros v. Holsberry, 84 So.2d 565 (Fla. 1956); Hulsh. It is axiomatic that where there are inconsistencies between a particular clause of a will and the general intent of the will as a whole, the general intent should prevail over an isolated provision that appears contrary to the testator's overall purpose and intent. Meszaros; Hulsh.
A review of the record indicates that Mrs. Austin's intention, evidenced by the testamentary plan in its entirety, was to favor her husband by providing that he live in the Plantation Key residence without paying rent or other expenses associated with the house. The trial court therefore properly harmonized the trust, the will and the codicil to give effect to Mrs. Austin's general testamentary intent by determining that the residence expenses must be borne by the daughter's trust.
Affirmed.
NOTES
[*] Section 732.5105 provides:

The execution of a codicil referring to a previous will has the effect of republishing the will as modified by the codicil.