118 So.2d 654 (1960)
Grace Ann Medlin LAWYER, As Executrix of the Will of John Hooper Lawyer, Deceased, and Edward L. Lawyer, Appellants,
v.
Donald L. MUNRO, Individually, Donald L. Munro, As Executor of the Will of Kathryn L. Frear, Deceased, et al., Appellees.
No. B-50.
District Court of Appeal of Florida. First District.
March 1, 1960.
*655 Hazard & Thames, Jacksonville, and Harold L. Summerfield, Chicago, Ill., for appellants.
French C. Davis, Daytona Beach, for appellees.
CARROLL, DONALD, Judge.
Two of the plaintiffs below have appealed from an adverse order and final decree entered by the Circuit Court for Volusia County in their declaratory decree suit to construe a will.
The executrix of the estate of John Hooper Lawyer, deceased, and others brought the suit against Donald L. Munro, individually and as executor of the estate of Kathryn L. Frear, deceased, and others to construe, with reference to the vesting of the interests of the nephews named therein, sub-paragraph 4 of Clause Eight of the will of the said Kathryn L. Frear, which sub-paragraph, creating a trust in one-fifth of the residuary estate for the lifetime of Helen L. Moffitt, reads as follows:
"If my said sister Helen L. Moffitt survives me, then upon the demise of my said sister Helen L. Moffitt all of the principal of the said one-fifth (1/5) of my said residuary estate and property so devised in trust to my sister Helen L. Moffitt, less any of the principal so authorized to be paid to my sister Helen L. Moffitt, and any income and profits therefrom not paid and distributed to my sister Helen L. Moffitt shall go to and is hereby devised to my said nephews, Donald L. Munro, John Hooper Lawyer and Edward L. Lawyer or their survivors or survivor."
All three nephews survived the testatrix, but one of them, John Hooper Lawyer, predeceased the life tenant, Helen L. Moffitt. The two other nephews and the said life tenant were living when this suit was instituted.
The chancellor held that the interests sought to be created by the quoted sub-paragraph in favor of the three nephews were contingent upon their surviving Helen L. Moffitt; that, since John Hooper Lawyer predeceased her, such interest as he might have had in the one-fifth of the residuary estate was "completely extinguished." In his order the chancellor also stated that he felt compelled to reach this conclusion because it was apparent that this was the construction intended by the testatrix, saying:
"* * * When one reads the will in its entirety, and especially other portions of clause eight, it becomes apparent that wherever the testatrix intended that an interest should become vested as of the date of her death, she specifically so provided. This was the case in sub-paragraph 1 of clause eight wherein it is provided, `If my said nephew, Donald L. Munro, should predecease me'; and in sub-paragraph 2 of clause eight of the said will wherein *656 it is provided, `If either John Hooper Lawyer or Edward L. Lawyer should predecease me'; and in sub-paragraph 3 of clause eight of the said will wherein it is provided, `If my sister * * * departs this life before my decease', * * * and `If my said sister, Anna M. Lawyer survives me'."
The appellants contend, however, that the interest of John Hooper Lawyer vested at the time of the death of the testatrix. Their main reliance in support of this contention is upon Section 731.21, Florida Statutes 1955, F.S.A., which provides:
"731.21 Vesting of legacies or devices.  The death of the testator is the event which vests the right to legacies or devises, unless the testator in his will has provided that some other event must happen before a legacy or devise shall vest."
Applying this statute literally, the question becomes this: Has the testatrix in her will "provided that some other event must happen before a legacy or devise shall vest"?
Looking to the will, we find the following language in sub-paragraph 4 of Clause Eight of the will, quoted in full above: "* * * upon the demise of my said sister Helen L. Moffitt all of the principal * * *" and certain income and profits "shall go to and is hereby devised to my said nephews, Donald L. Munro, John Hooper Lawyer and Edward L. Lawyer or their survivors or survivor." It seems to us that the words "upon the demise of my said sister Helen L. Moffitt" in the context and setting of this sub-paragraph in relation to the entire will, clearly meet the requirement of the exception in the statute: "* * * unless the testator in his will has provided that some other event must happen before a legacy or devise shall vest." The testatrix here undoubtedly intended that Helen's death should be that "some other event."
It is axiomatic that the intention of the testator is the polestar in the construction of his will. Properly understood, this statement of the rule refers exclusively to the testator's expressed intention  that is, the intention that is expressed within the four corners of the will itself.
Examining the entire will of Kathryn L. Frear in the light of this clarified rule for her expression of her intention as to whether the interests of the three nephews under sub-paragraph 4, Clause Eight, of her will shall vest at the time of her death or at the time of the death of her sister Helen L. Moffitt, we agree with the chancellor, as he stated in his order, that his conclusion that the latter was the vesting time is the construction evidently intended by the testatrix and that, when one reads her will in its entirety, especially other sub-paragraphs of Clause Eight, it becomes apparent that, whenever she intended that an interest should become vested as of the date of her death, she specifically so provided. See the chancellor's analysis of such other provisions in the portion of his order quoted earlier in this opinion.
When, in addition to the over-all examination of the will as above, we closely study the exact language and structure of her testamentary provision in sub-paragraph 4, Clause Eight, the conclusion seems irresistible that she intended the interests of the nephews to vest, not at her death, but at the time of the death of her sister Helen: "* * * upon the demise of my said sister Helen L. Moffitt * * *" the interest "shall go to and is hereby devised to my said nephews, Donald L. Munro, John Hooper Lawyer and Edward L. Lawyer, or their survivors or survivor." The appellants contend that these last five words refer to the beneficiaries' survival of the testatrix, but this and their other contentions of a similar vein we find lacking in substantial merit.
We hold, therefore, that the chancellor did not abuse his discretion in entering the order appealed from and the final decree *657 based thereon also appealed from, but rather rightly applied the correct principles of law in reaching his conclusions, and his said order and decree should be and hereby are affirmed.
WIGGINTON, Chief Judge, and STURGIS, J., concur.