347 So.2d 785 (1977)
In re ESTATE OF Ruth L. JOHNSON, Deceased.
No. BB-118.
District Court of Appeal of Florida, First District.
June 24, 1977.
*786 Charles E. Booth, Daytona Beach, for appellant.
Charles R. Burnett of Wells & Burnett, Daytona Beach, Duffett, Barry, Seps & Akers, Ormond Beach, and Isham W. Adams, Daytona Beach, for appellee.
JOPLING, WALLACE M., Associate Judge.
This appeal presents this Court with the agonizing confrontation between the literal application of an apparently inflexible statute, Section 731.07(5) Florida Statutes (1973), with every conception of common sense, justice and equity. We hold the latter should prevail under the facts and circumstances of this particular case as hereinafter set forth and under the saving clause of Section 731.07(5) Florida Statutes (1973).
Ruth L. Johnson died testate on February 8, 1973, leaving an estate in excess of $2,500,000.00. Her will, the construction of a portion of which is the subject of this appeal, was executed on January 17, 1973. The testatrix had executed a very similar will in 1968 and subsequent codicils all of which were revoked by her last testamentary instrument. Subject will was executed at the home of the decedent in the presence of the attorney who drafted it, the son of the decedent, a nurse and the appellant who was the uneducated black household servant of Mrs. Johnson, and had been in her employ for 28 years. The latter two individuals were the only subscribing witnesses to the will. Vera Mae Morris appeals the order of the lower court which voided the bequest of $10,000.00 to her because she was one of the subscribing witnesses.
The probated will contained the following bequest:
"... THIRD: I give, devise and bequeath to my faithful servant and maid, VERA MAE MORRIS, of Daytona Beach, Florida, the sum of Ten Thousand ($10,000.00) Dollars, to be hers absolutely, if she shall survive me and be in my employ at the time of my death. It is my intention that if the said VERA MAE MORRIS shall predecease me or shall not be in my employ at the time of my death, this bequest shall lapse and become part of the residue of my estate."
The earlier will which was used by the attorney in drafting the final instrument contained the identical bequest to Vera Mae Morris.
The legatee, Vera Mae Morris, was summoned from her household duties by the son of the testatrix to serve as a subscribing witness. She was not aware of the effect of her action nor was the attorney cognizant that she was a beneficiary under the will he had prepared. After the testatrix' death, Vera Mae Morris executed proof of the will and subsequently made inquiries of the attorney who prepared it as to when she would receive her legacy. She was informed that payment could not be made to her until the estate tax return had been accepted by the Internal Revenue Service.
Section 731.07(5) Florida Statutes (1973), which was in effect on the date the will was executed provided:

*787 "... All devises and bequests to subscribing witnesses are void unless there are at least two other disinterested subscribing witnesses to the will. If a subscribing witness would be entitled to a share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established."
Said disqualifying statute was eliminated in the Florida Probate Code which became effective January 1, 1976. Section 732.504(2) Florida Statutes (1975).
In adopting an avoidance of hardship position in this cause we take into consideration the following:
(1) The plain intention of the testatrix as expressed in both the 1968 and 1973 wills was to insure that her faithful servant, Vera Mae Morris, was provided for in her will. The intention of the testator is the polestar in the construction of his will. 35 Fla.Jur., Wills, Section 264; Lawyer v. Munro, 118 So.2d 654 (Fla. 1st. DCA 1960); Pancoast v. Pancoast, 97 So.2d 875 (Fla. 2nd. DCA 1957). Here the intention that appellant should receive a modest bequest from decedent's ample estate clearly is manifest from the earlier will, the subject will and the testimony of French Davis, the attorney who prepared the latter instrument.
(2) The relationship of the testatrix and Vera Mae Morris was such as to negative any reasonable inference of improper influence by this uneducated black servant upon her mistress. Vera Mae had served as a maid and cook for Mrs. Johnson for over 28 years and naturally responded to the "command" to witness the will without question or dissent. An obvious purpose of the enactment of Section 731.07(5) Florida Statutes (1973), was to prevent fraud or undue influence by a witness to a will to thwart the intention of the testatrix. Here the strict application of the provisions of the now abolished disqualification of witness would serve to defeat the very purpose for which it was enacted, i.e., the promulgation of the intention of the testatrix. This cannot be permitted under the circumstances of the case sub judice.
Furthermore, in considering the ultimate disposition of the bequest to appellant, we conclude that it comes within the following language of the savings clause of Section 731.07(5) Florida Statutes (1973):
"... If a subscribing witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established." (Emphasis added)
Clearly if the 1973 will "were not established", Vera Mae Morris would receive the identical bequest provided in the 1968 will. She gained nothing by the 1973 will that she was not entitled to under the earlier will. In so holding, we are not unmindful of the wording in In Re Lubbe Estate, 142 So.2d 130 at page 133 (Fla. 2d. DCA 1962), which construes the language of the saving clause to salvage bequests to interested witnesses "only to the extent that such witnesses could take by intestacy". We respectfully disagree with the reasoning of the 2nd District Court in relating the words "distributed to him" to the word "distributee" and restricting the meaning of "distributee" to a person entitled to the personal estate of one who has died intestate. "Distribution" is made under the terms of a will as well as under the law of descent and distribution. Since the Lubbe decision the legislature has defined "distributee" as "a person who has received estate property from a personal representative other than as a creditor or purchaser". Section 731.201(10) Florida Statutes (1975). Such definition is broad enough to include a legatee under a previous valid will. We hold that such limited construction enunciated in the Lubbe decision is not applicable to the instant appeal for the reason just stated and due to the overwhelming equities in favor *788 of the legatee as previously set forth and because of the clearly expressed intent of the testatrix that appellant be compensated for her 28 years of faithful service.
Therefore, we reverse and direct that the bequest to appellant be reinstated.
As to appellant's claim for interest on the bequest to her from the date of death of testatrix, we find that said bequest was a general legacy to be paid out of the general funds of the estate, and therefore, no interest is allowable. Redfearn Wills and Administration of Estates in Florida, 4th Ed., Sections 12.07 and 12.11.
We find no basis for the allowance of appellant's claim for attorneys fees from the estate to her attorney for his services in the lower court or on appeal and the claim therefor is denied.
BOYER, C.J., and MILLS, J., concur.