359 So.2d 425 (1978)
In re ESTATE OF Ruth L. JOHNSON, Deceased.
FLAGSHIP FIRST NATIONAL BANK OF ORMOND BEACH, Etc., Petitioner,
v.
Vera Mae MORRIS, Respondent.
No. 52326.
Supreme Court of Florida.
March 16, 1978.
Rehearing Denied June 30, 1978.
Isham W. Adams, Daytona Beach, for petitioner.
Charles E. Booth of Booth & Booth, Daytona Beach, for respondent.
KARL, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, in In re: Estate of Johnson, 347 So.2d 785 (Fla. 1st DCA 1977), which conflicts with In re Lubbe's Estate, 142 So.2d 130 (Fla. 2d DCA 1962). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Ruth L. Johnson executed a will in 1968 which contained a bequest to the respondent (an uneducated black household servant of Mrs. Johnson, who had been in her employ for 28 years). The bequest gave to the respondent $10,000 conditioned on the respondent being in Mrs. Johnson's employ at the time of Mrs. Johnson's death. On January 17, 1973, Mrs. Johnson executed a new will revoking her 1968 will. However, the new will was executed at the home of Mrs. Johnson. The respondent, summoned from her household duties, was one of the two attesting witnesses. Respondent was not aware of the effect of her action nor was the attorney cognizant that she was a beneficiary under the will he had prepared.
Mrs. Johnson died testate on February 8, 1973, her estate being in excess of $2,500,000. Mrs. Johnson's "new" will was admitted to probate, but the probate court held that the bequest to the respondent was null and void by operation of Section 731.07(5), Florida Statutes (1973), which was in effect on the date the will was executed.
The respondent appealed to the District Court of Appeal, First District. On appeal, the District Court reversed. Although *426 recognizing that the disqualifying statute, which had been eliminated in the new Florida Probate Code, effective January 1, 1976, applied in the instant case, the District Court nevertheless held for the respondent, finding:
1. the intention of the testator is most important, and here it was the plain intention of the testatrix to provide for the respondent; and
2. the strict application of Section 731.07(5), Florida Statutes (1973), would defeat its purpose  promulgation of the testatrix's intention.
In reversing, the District Court concluded that the bequest to the respondent fell within the savings clause of Section 731.07(5), Florida Statutes (1973), and explicated:
"Clearly if the 1973 will `were not established', Vera Mae Morris would receive the identical bequest provided in the 1968 will. She gained nothing by the 1973 will that she was not entitled to under the earlier will. In so holding, we are not unmindful of the wording in In Re Lubbe Estate, [sic] 142 So.2d 130 at page 133 (Fla. 2d DCA 1962), which construes the language of the saving clause to salvage bequests to interested witnesses `only to the extent that such witnesses could take by intestacy'. We respectfully disagree with the reasoning of the 2nd District Court in relating the words `distributed to him' to the word `distributee' and restricting the meaning of `distributee' to a person entitled to the personal estate of one who has died intestate. `Distribution' is made under the terms of a will as well as under the law of descent and distribution. Since the Lubbe decision the legislature has defined `distributee' as `a person who has received estate property from a personal representative other than as a creditor or purchaser'. Section 731.201(10) Florida Statutes (1975). Such definition is broad enough to include a legatee under a previous valid will. We hold that such limited construction enunciated in the Lubbe decision is not applicable to the instant appeal for the reason just stated and due to the overwhelming equities in favor of the legatee as previously set forth and because of the clearly expressed intent of the testatrix that appellant be compensated for her 28 years of faithful service."
Section 731.07(5), Florida Statutes (1973), reads:
"All devises and bequests to subscribing witnesses are void unless there are at least two other disinterested subscribing witnesses to the will. If a subscribing witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established." (Emphasis supplied.)
We agree with the holding and rationale of the instant decision of the District Court of Appeal, First District. The intent of the Legislature in promulgating the savings provision was to relate not only to intestacy but also to provisions in a prior will if the subsequent will could not be established.
Accordingly, we approve the decision of the District Court of Appeal, sub judice, overrule In re Lubbe's Estate, supra, to the extent that it is inconsistent herewith, and discharge the writ.
It is so ordered.
OVERTON, C.J., and ADKINS and SUNDBERG, JJ., concur.
ENGLAND, J., dissents.