PER CURIAM.
The petitioners Sheah Rarback and Mae Rarback appeal a final administrative order of the Department of Administration, Division of Retirement. The order under review approved a recommended order of a hearing officer which denied the petitioners’ request that the deceased employee Paul Rarback’s designation of beneficiary for his vested state retirement account be reformed to show his wife, the petitioner Mae Rarback, as a joint annuitant beneficiary. We reverse the subject order and remand the cause to the Department of Administration, Division of Retirement, with directions (1) to direct the payment of *199 Paul Rarback’s state retirement benefits to his spouse, Mae Rarback, as a joint annuitant, and (2) to treat all prior designations of beneficiary by Paul Rarback as null and void. We reach this result based on the following briefly stated legal analysis.
First, Paul Rarback’s March 18, 1985, claim for disability retirement in which he selected option 1 for retirement benefits and designated his daughter as beneficiary —which the respondent Department of Administration, Division of Retirement has, by the order on appeal, treated as a valid and enforceable designation of beneficiary upon Mr. Rarback’s death — became null and void when Paul Rarback died before receiving any retirement benefits. § 121.091(6)(e), Fla.Stat. (1985) (“The election of an option shall be null and void if ... the member [of the state retirement system] ... dies before benefits commence.”)
Second, Paul Rarback’s 1973 designation of beneficiary was impliedly revoked by Mr. Rarback’s aforesaid abortive March 18, 1985 designation of beneficiary, and, accordingly, Mr. Rarback should be treated as having died without designating a beneficiary. This is so because the record clearly demonstrates that Mr. Rarback intended by his 1985 designation to make his daughter, Sheah Rarback, the beneficiary of his retirement benefits upon his death so that the daughter could support his incapacitated wife. Given the ineffective nature of the 1985 designation of beneficiary, as explained above, we think Mr. Rarback’s intent can best be carried out and his wife cared for as he desired by treating his 1973 designation of beneficiary as having been revoked by the 1985 designation, so that he will be treated as having died without designating a beneficiary; as shown below, this means that Mr. Rarback’s wife will, in fact, become the beneficiary of his retirement benefits as he clearly intended. See § 121.091(8), Fla.Stat. (1985); see also Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940) (dependent relative revocation doctrine); Denson v. Fayson, 525 So.2d 432, 432 (Fla. 3d DCA 1988) (same); In re Estate of Lubbe, 142 So.2d 130, 134-35 (Fla. 2d DCA 1962) (same), overruled on other grounds, In re Estate of Johnson, 359 So.2d 425 (Fla.1978).
Third, Paul Rarback’s state employment terminated by reason of his death after ten years of creditable service, but prior to his actual retirement, and, accordingly, it rnust be assumed that he formally retired as of the date of his death. § 121.091(7)(b), Fla. Stat. (1985) (“If the employment of a member [of the state retirement system] is terminated by reason of his death subsequent to the completion of 10 years of creditable service but prior to his actual retirement, it shall be assumed that the member retired as of his date of death....”)
Finally, because Paul Rarback failed to validly designate any beneficiary of his retirement account in the event of his death, the Division of Retirement was required to direct the payment of Mr. Rarback’s retirement benefits to his spouse, the petitioner Mae Rarback. § 121.091(8), Fla.Stat. (1985) (“If no beneficiary is named in the manner provided above ... the administrator shall direct the payment of such benefits to the spouse of the deceased, if living.”)
REVERSED and REMANDED.