PER CURIAM.
Airee Portee appeals a final order establishing the amount of benefits he is entitled to receive. We reverse.
The hearing officer found, and we agree, that the decedent, Violet Portee, died before her retirement benefits commenced within the meaning of paragraph 121.-091(6)(e), Florida Statutes (1989). Pursuant to subsection 121.091(8), Airee Portee became the beneficiary of the decedent. See also Rarback v. Department of Administration, Division of Retirement, 540 So.2d 198 (Fla.3d DCA 1989).
We believe the better view is that paragraph 121.091(7)(b) must be read consistently with paragraph 121.091(6)(e), so as to require the administrator to select “the optional form of payment most favorable to [the beneficiary]_” Id. § 121.-091(7)(b); see also Rarback v. Department of Administration, Division of Retire *622 ment, 540 So.2d at 199. Contrary to the Department’s assertion, we do not think that the final sentence of paragraph 121.-091(7)(b) limits the operation of the paragraph solely to options providing for a lifetime benefit, but simply directs the Department as to the manner of payment where the most favorable option is a lifetime benefit. The statute is admittedly less than clear as to the analysis applicable in a situation like that of the Portees, but we believe that the result we have reached effectuates the legislative intent.
We therefore reverse the order under review and remand for entry of a final order awarding benefits most favorable to appellant.
Reversed and remanded.