PER CURIAM.
Cindy and Lisa Tellia appeal an order construing the residuary clause in the will of decedent Arthur H. Bovee. The residuary clause provides:
6. RESIDUARY ESTATE: I give, devise, and bequeath the rest, residue and remainder of my estate, wherever located to the said Jill Bovee, the said Joseph Bovee, and the said Lisa Tellia, in equal shares, should said Cindy Tellia, predecease me or she and I die in circumstances where there is no clear evidence we died other than simultaneously.
Joseph and Jill Bovee are decedent’s children. Cindy Tellia, a former friend of decedent, is a beneficiary under Paragraph 5 of the will. Lisa Tellia is the daughter of Cindy Tellia. Stacy Bovee, the testator’s daughter from a prior marriage, is the beneficiary of a specific bequest in Paragraph 5.
Joseph Bovee, the personal representative, called on the trial court to interpret the residuary clause of the will. Neither Joseph Bovee nor the Tellias presented any evidence as to the testator’s intent. The trial court without explanation determined that Joseph and Jill Bovee would equally share the entire residuary estate. In so doing, the trial court determined that Paragraph 6 is ambiguous. Paragraph 6 is not ambiguous but merely ineffectual.
The devise to Joseph, Jill, and Lisa was conditioned upon Cindy Tellia predeceasing the testator or dying simultaneously with the testator. Since Cindy Tellia survived the testator and no alternate beneficiary was designated, the attempted devise and bequest lapsed. Section 732.603, Florida Statutes, the anti-lapse statute, does not save the gift because its requirements are not met by the facts of this case. Since the will does npt otherwise provide for disposition of the residuary estate, it must descend by the law of intestate succession. See In re Estate of Lubbe, 142 So.2d 130 (Fla. 2d DCA 1962), overruled on other grounds, In re Estate of Johnson, 359 So.2d 425 (Fla.1978); 96 C.J.S. Wills § 1226 (1957).
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH, KAHN and LAWRENCE, JJ., concur.