BENTON, Judge.
Pamela Eaves appeals a final order entered by the Division of Retirement (the Division) denying her claim for Florida Retirement System benefits on account of the death of Billy J. Eaves, which left her a widow. We reverse.
As the Division concedes, the surviving spouse of a vested retirement system member is entitled to certain death benefits, where the member never attempted to name a beneficiary. We find no basis for denying the same benefits to the surviving spouse of such a member where an attempt to direct payment to others has proven wholly ineffective.
An employee of the Leon County School Board at the time of his death, Mr. Eaves had 21.15 years of creditable service for Florida Retirement System purposes, not counting the possibility of obtaining additional credit for military service he had performed. Some fifteen years earlier he had received a refund of approximately $741, representing all the contributions he had made to the Florida Retirement System, before the system became “non-contributory” in 1975. He never repaid any portion of the refunded contributions or applied for retirement.
After he had filled out a form naming one sister as the primary and his mother and another (perhaps half) sister as contingent beneficiaries of Florida Retirement System death benefits, Mr. Eaves met and married the appellant. Still married to Pamela ten years later when he succumbed to a heart attack on November 23, 1993, Mr. Eaves had given the Division of Retirement no indication in the interim of any intention to change beneficiaries.
Learning of Mr. Eaves’ death, the Division wrote Pamela Eaves on December 28, 1993:
Peggy Eaves is the designated beneficiary. Since Mr. Eaves received a refund of his retirement contributions and returned to service under the Florida Retirement System after it became non-contributory for members, there are no contributions to be refunded. Unless the beneficiary qualified as a financial dependent of the member at the time of death, she is not eligible for a monthly benefit. Elizabeth Hardage is the first contingent beneficiary and Judy Hardage is the second contingent beneficiary. Since the member is survived by a spouse, if the beneficiaries wish to disclaim all interest in the account, a monthly benefit may be payable. A disclaimer form must be filed and recorded in Circuit Court within one year of the member’s death. Please contact us if you would like more information.
The Division later extended the time for filing disclaimers for another year, in keeping with Florida Administrative Code Rule 60S-4.008(6)(e), as amended.
In due course, a petition seeking an administrative hearing was filed and the matter was referred for hearing to the Division of Administrative Hearings. Among the findings of fact in the recommended order, all of which the Division adopted in its final order, was: “At the time of his death none of the beneficiaries Billy Eaves had designated were financially dependent on him....” The administrative law judge also found: “To date, even though they cannot receive any of Billy Eavesf] pension benefits, the designated beneficiaries have refused to disclaim their rights unless [they are paid a substantial sum.]”
The Division’s final order adopts the administrative law judge’s conclusion that none of the three adults whose names Mr. Eaves wrote down on the Division’s form can receive any Florida Retirement System benefit whatsoever on account of his death. This conclusion is clearly correct. “[SJubse-quent to the completion of 10 years of creditable service,” § 121.091(7)(b), Fla. Stat. (1993), the statute contemplates death benefits of two kinds: *142 § 121.091(7)(b), Fla. Stat. (1993). Now defined by section 121.021(28)(c), Florida. Statutes (1995), as amended after Billy J. Eaves’ death, “joint annuitant” was defined by rule at the time of his death to exclude anybody not a spouse, child or
*141 1. For a beneficiary who qualifies as a joint annuitant, the optional form of payment provided in accordance with subpara-graph (6)(a)3. shall be paid for the joint annuitant’s lifetime.
2. For a beneficiary who does not qualify as a joint annuitant, no continuing monthly benefit shall be paid and the beneficiary shall be entitled only to the return of the member’s personal contributions.
*142 other person who is financially dependent where the other person is someone who is receiving one-half or more of his support from the member or is eligible to be claimed as a dependent or exemption on the Federal income tax return of the member.
Fla. Admin. Code R. 60S-6.00K34). Because the administrative law judge found that neither the decedent’s sisters nor his mother was (in the least) financially dependent on Mr. Eaves at the time of his death, none of the persons named on the form qualifies ás a “joint annuitant” eligible to receive benefits under section 121.091(7)(b)l., Florida Statutes (1993). Because there are no “member’s personal contributions” to be returned, none of the three is entitled to receive benefits under section 121.091(7)(b)2., Florida Statutes (1993).
We find unpersuasive the Division’s contention that affirmance is necessary in order to avoid serious administrative difficulties when a vested retirement system member dies before retiring. The Division must, in any event, determine whether persons named as beneficiaries are in fact eligible to receive death benefits either as “joint annuitants” or otherwise. Designations may prove ineffective because a retirement system member fails to sign or file the requisite forms, because persons named as beneficiaries die before the member dies, or, as here, because persons named as beneficiaries do not qualify for benefits under section 121.091(7)(b), Florida Statutes (1993). Everything the Division did in the present ease to determine that the persons Mr. Eaves listed as beneficiaries were in fact ineligible to receive benefits, it had to do anyway. The question is what should happen once the Division determines that the attempt to designate beneficiaries has proven ineffective. Ascertaining whether a retirement system member left a surviving spouse in such cases places no undue burden on the Division.
The Division proposes to deny substantial benefits (possibly in excess of nine hundred dollars a month) to the widow because three people entitled to nothing refuse to disclaim nonexistent entitlements. In support of this position, the Division cites Florida Administrative Code Rule 60S-4.008(6), which authorizes disclaiming Florida Retirement System death benefits in the manner provided in section 689.21, Florida Statutes. The rule specifically provides for disclaimer “whether or not the beneficiary is entitled to any monetary benefit from the account (refund or monthly benefit).” Fla. Admin. Code R. 60S-4.008(6)(c). It is one thing to authorize a “disclaimer” by a person named as a beneficiary in order to obviate- the need for any investigation into the person’s eligibility, but quite another to make widows’ and orphans’ benefits hostage to the cooperation of a person or persons who are not themselves entitled to receive any benefits.
As a governmental retirement plan, the Florida Retirement System falls outside the purview of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; as amended, so that ERISA’s restrictions on preretirement survivor annuity benefits under defined benefit plans set out in 29 U.S.C. § 1055(a)(2)(1994)(requiring payment to surviving spouse) do not apply here. 29 U.S.C. §§ 1002(32), 1003(b)(l)(1994). Instead, section 121.091(8), Florida Statutes (1993), authorizes retirement system members to designate beneficiaries “who shall receive ... [survivor] benefits,” in default of which “the beneficiary shall be the spouse of the deceased.”
(8) DESIGNATION OF BENEFICIARIES.Each member may, on a form provided for that purpose, signed and filed with the division, designate a choice of one or more persons, named sequentially or jointly, as his beneficiary who shall receive the benefits, if any, which may be payable in the event of his death pursuant to the provisions in this chapter. If no beneficiary is named in the manner provided above, or if no beneficiary designated by the member survives him, the beneficiary shall be the spouse of the deceased, if living. *143 § 121.091, Fla. Stat. (1993). By reference to “benefits, if any,” the statute recognizes that a member need not complete ten years of creditable service in order to name potential beneficiaries. In the present case, too, the purported designation was nugatory. No genuine beneficiary was “named in the manner provided,” because none of the adult relatives Mr. Eaves listed on the form he filed “qualified ... to receive ... benefits.” Fla. Admin. Code R. 60S-6.001(9). Under section 121.091(7)(b), Florida Statutes (1993), the attempt to designate them as beneficiaries proved, if not a nullity, entirely ineffective.
“Given the ineffective nature of the ... designation of beneficiarles],” Rarback v. Department of Admin., Div. of Retirement, 540 So.2d 198, 199 (Fla. 3d DCA 1989), the appellant as surviving spouse is entitled to receive death benefits here as in Rarback, by virtue of language that has survived unchanged in pertinent part in section 121.091(8), Florida Statutes (1993), and since. The present case differs from cases in which persons other than surviving spouses were named as beneficiaries and were in fact entitled to receive benefits. See Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977) (affirming trial court’s award of state retirement benefits to three beneficiaries designated by the deceased (a former wife and their two children) rather than to the decedent’s wife at the time of his death); Arnow v. Williams, 343 So.2d 1309 (Fla. 1st DCA 1977); Rogers v. Rogers, 152 So.2d 183 (Fla. 1st DCA 1963) (holding that a former wife whom a teacher designated as his beneficiary, not his wife at the time of his death, was entitled to receive his accumulated contributions); Ricardo v. Department of Management Servs., Case No. DMS DOR 93-98 (Final Order Apr. 14, 1994)(awarding a refund of a member’s contributions in the amount of $278.93 to his designated beneficiary and nothing to his widow); Wilson v. State, Div. of Retirement, Case No. DR87-5 (Final Order Oct. 13, 1987)(awarding refund of member’s contributions, amounting to $11,129.39, to the decedent’s designated beneficiary, and no benefits to his wife at the time of his death, because she had not been designated his beneficiary). Here the purported designation of other beneficiaries was illusory.
If the surviving spouse could not receive benefits in the present case, nobody could. To uphold the Division’s position would have the effect of working a forfeiture, which we decline to do. See generally Williams v. Christian, 335 So.2d 358, 361 (Fla. 1st DCA 1976)(“Statutes imposing forfeiture will be strictly construed in a manner such as to avoid the forfeiture and will be liberally construed so as to avoid and reheve from forfeiture.”); Ireland v. Thomas, 324 So.2d 146, 147 (Fla. 1st DCA 1975)(where forfeiture of retirement benefits was not clearly required by statute, no forfeiture should be inferred). Since Mr. Eaves’ effort to direct benefits elsewhere came to naught, his widow should be treated just as if the effort had never been made.
Reversed and remanded.
BARFIELD, C.J., and ERVIN, J., concur.