BERANEK, Judge.
This is an appeal from an order setting aside homestead property. We affirm.
The parties to this appeal concede that the real estate in question was homestead property and that the descent of such property is governed by Article X, Section 4(c) of the Florida Constitution. At the time of his death, decedent, John W. Finch, was survived by his spouse and two lineal descendants, his adult daughters. His will' provided in relevant part as follows:
My condominium apartment identified as Unit 9-303, Boca Bayou III, a condominium, located at 9 Royal Palm Way, Boca Baton, Palm Beach County, Florida, together with my rights and undivided interest in the common property according to the Declaration of Condominium, I devise to my wife, MADELINE F. FINCH, during her life and after her death to my daughter, JUDY LYNN FINCH, in fee simple and absolutely. And I direct that my wife shall during her life at her own expense keep the apartment in good repair and condition, pay the taxes, assessments and insurance premiums thereon and comply with all terms, conditions and covenants provided for in the Declaration of Condominium.
The attempted devise of the condominium was to his wife for life with remainder to one daughter. The surviving spouse, Madeline F. Finch, moved to set aside the devise as homestead real estate. Her petition alleged that the property in question was homestead, that decedent was survived by a spouse and lineal descendants, and that the property should descend as provided in Section 732.401(1), Florida Statutes (1977).
The trial court considered the petition to set aside homestead and granted it over the objection of appellant, Judy Lynn Finch. An order was entered on November 27, 1977, finding as follows:
(2) JOHN W. FINCH being survived by a spouse and lineal descendants, the homestead passes under the provisions of Florida Probate Code 732.401(1) as follows:
A life estate to JOHN W. FINCH’s surviving spouse, with remainder in JOHN W. FINCH’s lineal descendants in being at the time of his death, JUDY LYNN FINCH and SUZANNE FINCH MOUSSER.
Article X, Section 4(c), Florida Constitution, provides as follows:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
Similarly, Section 732.4015, Florida Statutes (1977), states:
As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner’s spouse if there is no minor child.
If a devise violates the Florida Probate Code and Constitution, it descends under Section 732.401(1), Florida Statutes (1977), as follows:
(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner *757 as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent’s death.
Appellant contends that the intent of the testator was to provide his wife with a life estate and the daughter of his choosing with a vested remainder interest, and that neither the statutes nor Constitution should frustrate this expressed intent. We hold that where a testator dies leaving a surviving spouse and adult children, the property may not be devised by leaving less than a fee simple interest to the surviving spouse. The Constitution states, “. . . except the homestead may be devised to the owner’s spouse if there be no minor children.” This exception is exclusive and prohibits the testator from devising less than a fee simple interest to his surviving spouse under the circumstances presented herein. Since the devise here was not a permitted one under the Constitution, the property passed in accordance with Section 732.401(1), Florida Statutes (1977). The order of the trial court is affirmed.
AFFIRMED.
MOORE and HURLEY, JJ., concur.