WARNER, Judge.
The trial court vacated the final order of dismissal and order enforcing settlement because it found that the plaintiff/appellee’s attorney had procured a settlement of the lawsuit without the appellee’s consent.[1] Not only had the attorney signed the settlement stipulations without the appellee’s consent, but he also forged his client’s name on the settlement check. The appellee has received nothing from the settlement. We affirm, holding that the actions of appellee’s attorney constituted extrinsic fraud on the court, for which there is no time period for bringing a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b).
In DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984), the court stated:
The definition of extrinsic fraud was specifically articulated in United States v. Throckmorton, 98 U.S. 61, 65-66, 25 L.Ed. 93 (1878), in which the United States Supreme Court said:
Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client’s interest to the other side-these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit *386 may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. (Citations omitted.)
Consistent with the general rule, this Court has defined extrinsic fraud as the
prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on.
Fair v. Tampa Electric Co., 158 Fla. 15, 18, 27 So.2d 514, 515 (1946). In other words, extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause.
(emphases supplied)(internal citation omitted). The actions of appellee’s attorney in settling the case without his client’s permission and forging his client’s name to the settlement check constituted “extrinsic fraud which prevents a party from having an opportunity to present his case in court.” Id. at 379.
We have carefully considered the other points raised by the appellant and conclude that DeClaire requires affirmance of the trial court’s order.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The lawyer presently representing appellee was not the lawyer committing the fraudulent acts. Indeed, appellee’s first attorney has since been disbarred.