PER CURIAM.
Carole M. Bony appeals an adverse summary final judgment in her independent action to set aside an earlier final judgment in favor of the Public Health Trust of Dade County. The Public Health Trust has not filed a brief.
Ms. Bony and her husband, Eddy Bony, were defendants in a suit by the Public Health Trust to collect medical bills for services rendered to Ms. Bony at Jackson Memorial Hospital. The Bonys were represented by counsel. There was a stipulation for an agreed sum to be paid by installments, failing which the Public Health Trust would be entitled to entry of an ex parte final judgment. The payment schedule was not complied with, and judgment was entered against the Bonys.
In her complaint and affidavit, Ms. Bony states that she did not sign the settlement stipulation and that her signature was placed on the document without her knowledge or consent. In essence she claims that her signature was placed on the document either by her former lawyer or by her husband.
Ms. Bony brought an independent lawsuit against the Public Health Trust for relief from judgment. The Public Health Trust’s first ground for summary judgment was the contention that plaintiff failed to give statutory notice of her claim under section 768.28, Florida Statutes (1997).
We concur with Ms. Bony that section 768.28 has no application here. The statute by its terms applies to an action “to recover damages in tort for money damages against the state or its agencies or subdivisions_” Id. § 768.28(1). Neither an independent action for relief from judgment, nor a motion for relief from judgment, fits within the scope of section 768.28.*
The Public Health Trust argued alternatively that, as a matter of law, there can be no claim of extrinsic fraud where a party was represented by counsel. The *585 case law does not support that proposition. At least in some circumstances, the unauthorized action of counsel in settling a case without permission has been held to constitute extrinsic fraud. See Huffman v. Delacruz, 719 So.2d 385, 386 (Fla. 4th DCA 1998); see also DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984). Although we need not reach the point now, the same logic may well apply to a fraud perpetrated by a co-party.
Since the legal proposition advanced by the Public Health Trust below did not entitle it to summary judgment, we reverse for further proceedings. We express no opinion on the merits of Ms. Bony’s claim.
Reversed and remanded for further proceedings consistent herewith.

 As already staled, the Public Health Trust has not filed a brief here. Its submissions in the trial court did not include any citation of case law supporting the proposition that a section 768.28 notice is required in these circumstances, and our research has disclosed none.