MAY, J.
A purported beneficiary of an estate appeals an order that dismissed with prejudice a petition for disbursement of funds from the estate. We agree with the probate court that the May 22, 1999 letter did not constitute a sufficient writing to bequeath monies. However, because the purported beneficiary raised a potentially credible issue that the writing constituted a codicil in his timely motion for rehearing, we reverse and remand.
The testator executed a Revocable Trust Agreement and a Last Will and Testament. Within the terms of her Will, she included a paragraph indicating that she “may leave a written statement or list disposing of certain items of ... tangible personal property not otherwise disposed of....” She subsequently prepared a written ten-page statement disposing of certain items of her personal tangible property. Allan Baldwin was not an included beneficiary under this writing.
On February 9, 1998, the testator executed a First Codicil to Last Will and Testament, directing how she wanted to be remembered and interred. On April 24, 1999, she prepared two handwritten documents. The first was a handwritten note on plain white paper stating that she would like one of the personal representatives “to give Allan a new car from” her estate. The document contained the signature of a single witness. The second writing was prepared on a small piece of white paper with blue lines. It directed one of the personal representatives “to give Allan a new car from [her] estate .... ” This document was not witnessed.
On May 22, 1999, two copies of a typewritten letter were prepared on the testator’s personal stationery. They directed the same personal representative “to give to Allan Baldwin a new car of his choice from [her] estate.” Each copy was signed by the testator, witnessed, and notarized. The testator died on December 25, 2003.
When the personal representatives petitioned for administration of the estate, they filed the May 22, 1999 letter along with the Will, Codicil, and separate writing detailing her gifts. The court appointed the designated personal representatives and entered an order admitting the Will and Codicil to probate but not the letter. A Final Accounting of Personal Representatives and a Petition for Discharge were filed in July 2005.
On July 26, 2005, the purported beneficiary filed one of the testator’s handwritten notes from April 1999 instructing one *439 of the personal representatives to give him a new car from the estate and a copy of the subsequently typewritten May 22,1999 letter. The purported beneficiary then filed a Petition for Compulsory Distribution, claiming to be a beneficiary of the estate. He alleged entitlement to an automobile of his choice, a $50,000 Mercedes Benz to replace his existing car. He requested distribution of $50,000 to purchase the car.
At the hearing on the purported beneficiary’s petition, his counsel argued only that the writing of May 22, 1999 was a memorandum sufficient to devise an unspecified sum of money, pursuant to section 732.515, Florida Statutes (1997). The probate court denied the petition with prejudice. In its order, the court noted that the beneficiary was proceeding under section 732.515, and concluded that “the statute does not direct the personal representative to surrender the cash value of a new Mercedes automobile to Mr. Baldwin.”
The purported beneficiary moved for rehearing and stated that an Oath of Witness to Codicil of Eula Nemhard had been filed or would be filed with the court attesting that there were two witnesses to the May 22, 1999 letter. Counsel then argued that the letter was a valid codicil. The Estate responded that the purported beneficiary’s failure to initially raise this issue in its petition precluded its consideration. The probate court agreed and denied the motion.
First, we agree with the probate court’s initial ruling that the separate writing was not a proper devise of tangible property, pursuant to section 732.515. Because the devise was of a monetary amount, it could not be effectuated through a separate writing under the 1997 version of section 732.515.
However, our supreme court has held that the polestar to will interpretation
is the intent of the testator. Morgenthaler v. First Atl. Nat'l Bank of Daytona Beach, 80 So.2d 446, 452 (Fla.1955); see also § 732.6005(1), Fla. Stat. (2005). The purported beneficiary has the burden of showing that the probate court erred when it rejected his argument that the May 22, 1999 letter was a codicil. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
Here, it is clear that the personal representatives were aware of the May 22, 1999 letter because they filed it with the court at the time they petitioned for administration of the estate. It is also clear that the purported beneficiary raised the issue of whether the letter was a codicil, admittedly not until the motion for rehearing. Nevertheless, we have held that trial courts should address issues raised in motions for rehearing when the ends of justice would be served. See, e.g., Bellino v. W & W Lumber & Bldg. Supplies, Inc., 902 So.2d 829 (Fla. 4th DCA 2005); Nat’l Enters, v. Martin, 679 So.2d 331 (Fla. 4th DCA 1996).
For this reason, we reverse the order dismissing the purported beneficiary’s petition with prejudice and remand the case for the probate court to determine if the May 22, 1999 letter constituted a valid codicil and if so, its terms.

Reversed and Remanded.

POLEN and KLEIN, JJ., concur.