DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**THE FLORIDA PHILHARMONIC ORCHESTRA, INC.,** a nonprofit
corporation,
Appellant,

v.

**PHILLIP BRADFORD; ROBERT WILLIAMS MOVING & STORAGE,
INC.,** a Florida corporation, and **FISHER AUCTION CO., INC.** a Florida
corporation,
Appellees.

No. 4D13-376

[July 23, 2014]

Appeal of non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Robert Rosenberg, Judge; L.T. Case
No. 07-21953 (13).

Anne Sullivan Magnelli, Kathryn L. Smith and Kristen A. Tajak of
Cole, Scott & Kissane, P.A., Miami, for appellant.

William G. Wolk of Eaton & Wolk, PL, Miami, for appellee Phillip
Bradford.

DAMOORGIAN, C.J.

The Florida Philharmonic Orchestra, Inc. ("Florida Philharmonic")
appeals the trial court's non-final order granting Phillip Bradford's
motion to set aside settlement agreement and striking the final order of
dismissal. We reverse and remand for the trial court to make specific
findings as to which party bears the burden of the fraud committed by
Bradford's attorney in procuring the settlement agreement.

This case stems from a negligence action that Bradford filed against
Florida Philharmonic in August 2007. Bradford's counsel, Scott
Rovenger, negotiated a $280,000 settlement with Florida Philharmonic
without Bradford's knowledge or consent. The settlement agreement
contained a provision releasing Florida Philharmonic from all liability.
Florida Philharmonic issued a check to Bradford and Rovenger's law firm

and the trial court entered an order dismissing Bradford's negligence action with prejudice.

Seven months later, Bradford, represented by new counsel, filed a motion to set aside the settlement agreement and strike the order dismissing the action with prejudice. Bradford alleged that: (1) he never authorized the settlement with Florida Philharmonic; (2) Rovenger submitted a false release on Bradford's behalf; and (3) Rovenger admitted his actions were unauthorized and unlawful. Bradford attached Rovenger's handwritten confession to the motion. He also attached a copy of the check issued by Florida Philharmonic as part of the purported settlement.[1]

At the hearing on the motion to set aside the settlement agreement, Florida Philharmonic emphasized that Bradford gave Rovenger authority to settle his case for $900,000. Thus, Florida Philharmonic argued that Rovenger acted with apparent authority when he negotiated a $280,000 settlement without Bradford's permission. In the event that the trial court decided to set aside the settlement, Florida Philharmonic requested a set-off for the money it already paid. The court entered an order striking the dismissal of the underlying case without discussion. The court reserved ruling on the set-off issue. This appeal follows.

The standard of review of an order denying a Rule 1.540(b) motion for relief from judgment is abuse of discretion. *Blanton v. Baltuskouis*, 20 So. 3d 881, 882 (Fla. 4th DCA 2009). On appeal, Florida Philharmonic argues that the trial court abused its discretion in setting aside the settlement agreement because Rule 1.540(b)(3) permits relief from judgment based on fraud *by an adverse party* and here, the fraud was committed by Bradford's attorney. We find no merit in this argument, as Rule 1.540(b) also permits the court to grant relief from judgment for fraud on the court. *See* Fla. R. Civ. P. 1.540(b) ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court."). In fact, we have affirmed an order setting aside a settlement agreement pursuant to Rule 1.540(b) based on conduct similar to Rovenger's. *See Huffman v. Delacruz*, 719 So. 2d 385, 385–86 (Fla. 4th DCA 1998). There, we emphasized that extrinsic fraud

---

[1]   In his handwritten confession, Rovenger admitted that Bradford would not have agreed to the settlement he negotiated with Florida Philharmonic. During his deposition, Rovenger added that he forged Bradford's signature on the settlement check and used a computer to copy and paste Bradford's signature onto the settlement document.

on the court includes *"fraudulent representation of a party without his consent and connivance in his defeat."* *Id.* at 386 (quoting *Fair v. Tampa Electric Co.*, 27 So. 2d 514, 515 (Fla. 1946)).

Other courts have addressed the issue of attorney fraud and similarly vacated the resulting judgment. *See, e.g.*, *NC-DSH, Inc. v. Garner*, 218 P.3d 853, 859–61 (Nev. 2009) (citing several cases, including *Huffman*, where courts "have found fraud on the court egregious enough to justify vacating the judgment and allowing the claims to proceed"). In *NC-DSH*, the plaintiffs brought a malpractice action against a hospital. *Id.* at 855. Without their knowledge or consent, the plaintiffs' attorney "settled their case for $160,000, forged the necessary settlement papers, and disappeared with the money." *Id.* The trial court vacated the stipulated judgment but provided that the hospital was entitled to a $160,000 credit toward any eventual recovery. *Id.* The Supreme Court of Nevada held that the trial court was "well within its discretionary authority to decide" that "the court, *equally with the [plaintiffs], the Hospital, and the Hospital's lawyer,* was defrauded by [the plaintiffs' attorney]" and that the fraud "justified vacating the stipulated judgment." *Id.* at 861 (emphasis added). In so holding, the court emphasized that the trial judge "*entered specific and adequate findings of fact and conclusions of law.*" *Id.* (emphasis added).

While Rovenger's actions are analogous to the fraudulent behavior of the attorneys in *Huffman* and *NC-DSH*, this case is distinguishable because here, it is undisputed that Bradford gave Rovenger authority to settle the case—albeit for $900,000 not $280,000. It is not clear whether the trial court considered this fact in reaching its decision to strike the settlement because the order in this case does not include specific findings like the one in *NC-DSH*. Here, the order merely provides that "[t]he Dismissal is hereby struck and the case is returned to the active docket." We hold that this was error and remand the case for the trial court to make specific findings as to which party bears the burden of Rovenger's fraud.

When conducting its analysis, the trial court shall consider the following: (1) whether the plaintiff demonstrated due diligence in hiring the attorney; (2) whether the attorney had actual or apparent authority to settle the case; (3) whether the opposing party knew or should have known that the proposed settlement was suspect; (4) whether the plaintiff demonstrated due diligence upon discovering the fraud; and (5) whether the plaintiff ratified the fraud. If, after considering these factors (or any others the trial court finds relevant), the court upholds its decision to set aside the settlement, the trial court should still consider

awarding a set-off to Florida Philharmonic in the event that Bradford ultimately prevails.

*Reversed and Remanded.*

W<small>ARNER</small> and K<small>LINGENSMITH</small>, JJ., concur.

* * *

**_Not final until disposition of timely filed motion for rehearing._**