DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN STIRBERG** and **JESSICA STIRBERG,**
Appellants,

v.

**HENRY H. FEIN,** in his capacity as Successor Co-Trustee of the
Nat Stirberg Revocable Residence Trust**; BERNARD KRUGER,**
in his capacity as Successor Co-Trustee of the Nat Stirberg Revocable
Residence Trust**; VALERIE STIRBERG,** as Surviving Spouse of Nat Stirberg
and Lifetime Beneficiary of the Nat Stirberg Revocable Residence Trust; and
**ALEXIS CALI JEDZINIAK,** as Remainder Beneficiary of the Nat Stirberg
Revocable Residence Trust, on behalf of herself and her descendants,
Appellees.

No. 4D22-854

[March 15, 2023]

Appeal from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Laura C. Burkhart, Judge; L.T. Case No. 50-2020-CP-005378.

Peter J. Forman and Jonathan A. Galler of Gutter Chaves Josepher Rubin Forman Fleisher Miller P.A., Boca Raton, for appellants.

Linda L. Snelling of Bankier, Arlen & Snelling Law Group, PLLC, Delray Beach, Jay A. Schwartz of Law Office of Jay A. Schwartz, P.A., Delray Beach, and Daniel A. Seigel of Law Offices of Daniel A. Seigel, P.A., Boca Raton, for appellees.

FORST, J.

Appellants Jonathan and Jessica Stirberg appeal the trial court's order denying their motion to vacate the final judgment in a trust reformation action. They contend that the court erred in requiring them to show they were prejudiced by fraud in the reformation action and in refusing to allow evidence of their asserted homestead interest in the trust property. We conclude that the trial court correctly required a showing of prejudice. However, we agree with Appellants that their homestead interest, if established, is dispositive of their motion to vacate the underlying trust reformation. We accordingly reverse the trial court's order and remand for proceedings consistent with this opinion.

**Background**

Appellants' father, Nat Stirberg ("Decedent"), conveyed his apartment in Delray Beach to a trust (the "Residence Trust") during his life. The apartment was the sole trust asset. The Residence Trust did not name Appellants as beneficiaries, instead designating Appellee Valerie Stirberg, Decedent's surviving spouse, as beneficiary upon Decedent's death. Valerie is not Appellants' mother. Appellant Jonathan Stirberg and Decedent's Attorney, Appellee Henry Fein—who prepared the Residence Trust—originally served as co-trustees.

Pursuant to the Resident Trust's terms, the apartment transferred to Valerie at the Decedent's death. But she did not receive the residence in fee simple absolute. Instead, she received a life estate with the power to appoint the remainder to her granddaughter. During the administration of Decedent's estate, Jonathan Stirberg, acting in his capacity as the estate's personal representative, filed a "Petition to Determine Homestead Status of Real Property" ("Homestead Petition") as to the apartment. The Homestead Petition alleged that because Valerie had not received a fee simple interest in the residence, that conveyance failed under the Florida Constitution and statutory homestead law. As a result, Appellants asserted a vested remainder interest in the apartment as Decedent's lineal descendants.

Henry Fein then removed Jonathan Stirberg as co-trustee through a valid removal document which Appellants do not contest. After seeking an extension of time to respond to the Homestead Petition, Fein and his new co-trustee filed their own petition to reform the Residence Trust such that it would give Valerie the residence in fee simple and free of trust, retroactive to the date of Decedent's death. Appellants were not parties to this action and did not receive notice of it. Nor did Appellees notify the trial court of the pending Homestead Petition. The trial court then entered final judgment, granting the reformation ("Reformation Judgment"). When Appellants learned of the Reformation Judgment, they filed a motion to vacate under Florida Rule of Civil Procedure 1.540(b)(3), alleging extrinsic fraud and a violation of Appellants' due process rights.

The parties proceeded to an evidentiary hearing on the motion. The trial court received extensive evidence as to Decedent's intent regarding the apartment, including the trust documents and testimony from Valerie, Jonathan, and Fein. However, the trial court denied Appellants' motion to consolidate the Homestead Petition with the motion on appeal here. The adjudication of the Homestead Petition remains pending below.

While examining Valerie in the instant case, Appellants began to lay the foundation for testimony as to the homestead interest asserted in the Homestead Petition. Appellees objected as to relevance and the trial court sustained, ruling that, in light of the denial of the motion to consolidate, the homestead issues were not relevant to resolving the motion to vacate. The court allowed no further evidence on the merits of the homestead challenge.

After the hearing, the trial court issued its order denying Appellants' rule 1.540(b) motion. Therein, the trial court found that Appellants had standing to bring the motion through their asserted homestead rights in the apartment. The court also found that Appellees had committed extrinsic fraud on the court by failing to give Appellants notice of the reformation action and failing to state in their petition that the Homestead Petition was still pending before the court. Ultimately, however, the trial court concluded that even if Appellants had participated in the reformation litigation, the court would have nevertheless granted the reformation "to carry out the testamentary intent of the decedent." The court thus found that Appellants had not made the requisite showing that Appellees' fraud had prejudiced the outcome of the case, and the motion to vacate was denied. This appeal followed.

## Analysis

A trial court's decision regarding the proper application of rule 1.540(b) is reviewed *de novo*. *See Casteel v. Maddalena*, 109 So. 3d 1252, 1255 (Fla. 2d DCA 2013). Where the rule is properly applied, "the standard of review of an order denying a Rule 1.540(b) motion for relief from judgment is abuse of discretion." *Fla. Philharmonic Orchestra, Inc. v. Bradford*, 145 So. 3d 892, 894 (Fla. 4th DCA 2014).

Appellants argue that because the trial court found Appellees had committed extrinsic fraud on the court, Appellants had carried their burden on the motion to vacate. They further contend that the trial court erred in requiring them to show that their participation in the reformation action would have changed its outcome.

"To entitle a movant to an evidentiary hearing, a rule 1.540(b)(3) motion must specify the fraud. In addition to specifying the fraud, the motion should explain why the fraud, if it exists, would entitle the movant to have the judgment set aside." *Flemenbaum v. Flemenbaum*, 636 So. 2d 579, 580 (Fla. 4th DCA 1994) (citations omitted). This two-prong test applies in cases of intrinsic as well as extrinsic fraud. *See Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co. Inc.*, 20 So. 3d 952, 957–59 (Fla. 4th DCA 2009).

Appellants correctly note that in *Flemenbaum*, we only expressly addressed a rule 1.540(b) movant's burden for entitlement to an evidentiary hearing. 636 So. 2d at 580. But we disagree that the two-prong *Flemenbaum* test should not apply equally as the standard for setting aside a judgment after an evidentiary hearing. Indeed, the Third District Court of Appeal has already extended our holding in *Flemenbaum* to this same procedural context. *See Fed. Home Loan Mortg. Corp. v De Souza*, 85 So. 3d 1125, 1126 (Fla. 3d DCA 2012) (requiring specific allegations of fraud *and* the fraud's prejudicial effect on the outcome of the case for relief under rule 1.540(b) after an evidentiary hearing). This

3

approach "is more consistent with Florida policy considerations favoring the finality of judgments and with Florida law requiring a prejudicial effect on the outcome of a case." *Coleman (Parent) Holdings, Inc.*, 20 So. 3d at 958. These policy considerations are not lessened when a party seeks to set aside a judgment at an evidentiary hearing. Thus, a party seeking relief under rule 1.540(b)(3) must satisfy each of the two *Flemenbaum* prongs to merit an evidentiary hearing and to ultimately set aside the judgment.

To therefore prevail on their motion, Appellants needed to show they were entitled to have the judgment set aside by showing their participation in the trust reformation action would have changed its outcome. A party seeking trust reformation must establish "that the trust, as written, does not reflect the settlor's intent." *Reid v. Estate of Sonder*, 63 So. 3d 7, 10 (Fla. 3d DCA 2011); *see also Baldwin v. Estate of Winters*, 944 So. 2d 437, 439 (Fla. 4th DCA 2006) ("[T]he polestar to will interpretation is the intent of the testator."). It follows that, *generally*, a party seeking to vacate a trust reformation judgment for fraud would need to establish that the reformation contradicted the decedent's intent.

But this is not the *general* case. Here, Appellants contend that their alleged homestead interest in the apartment vested upon the Decedent's death and made the trust reformation impossible, regardless of whether it effectuated the Decedent's intent. Further, Appellants argue that the trial court effectively prevented them from showing prejudice on the outcome of the reformation action when it ruled their homestead interest was irrelevant. To prohibit testimony on this issue, Appellants insist, was an abuse of discretion. We agree.

Section 732.401, Florida Statutes (2022), titled "Descent of homestead," provides that "if the decedent is survived by a spouse and one or more descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the descendants in being at the time of the decedent's death per stirpes." § 732.401(1), Fla. Stat. (2022). To that end, the Florida Supreme Court has held that even the settlor's express intent must be subordinate to Florida's constitutional and statutory homestead law requirements:

> Petitioner contends that the intent of the testator was to provide his wife with a life estate and the daughter of his choosing with a vested fee simple remainder interest, and that neither the statutes nor the constitution should frustrate this expressed intent. Furthermore, petitioner argues that neither the Florida Constitution, article X, section 4(c), nor section 732.4015, Florida Statutes, requires that the devise to the surviving spouse must be in fee simple absolute. We disagree with both contentions and adopt the position of the district court as our own. We hold, therefore:

4

[W]here a testator dies leaving a surviving spouse and adult children, the property may not be devised by leaving less than a fee simple interest to the surviving spouse . . . . This exception is exclusive and prohibits the testator from devising less than a fee simple interest to his surviving spouse under the circumstances presented herein. Since the devise here was not a permitted one under the Constitution, the property passed in accordance with section 732.401(1), Florida Statutes (1977).

*In re Finch's Estate*, 401 So. 2d 1308, 1309 (Fla. 1981) (first alteration in original) (quoting *In re Finch's Estate*, 383 So. 2d 755, 757 (Fla. 4th DCA 1980)). Thus, any devise of homestead property that does not grant a fee simple interest to a surviving spouse fails, regardless of intent.

Homestead property rights vest immediately upon the death of a testator or settlor. *See Aronson v. Aronson*, 81 So. 3d 515, 519 (Fla. 3d DCA 2012) ("At the moment of Hillard's death, his homestead property passed outside of probate." (citations omitted)); § 736.1109(1), Fla. Stat. (2022) ("If a devise of homestead under a trust violates the limitations on the devise of homestead in s. 4(c), Art. X of the State Constitution, title shall pass as provided in s. 732.401 at the moment of death.").

Not even a retroactive action can validly cure a devise violating the homestead laws. *See Gotshall v. Taylor*, 196 So. 2d 479, 481 (Fla. 4th DCA 1967) ("If the requirements of the Constitution and the statutes are not complied with in alienating homestead real estate, the attempt is a nullity . . . and is void ab initio, and subsequent events will not breathe life into it[.]"). A trust reformation is such a retroactive action and therefore cannot cure a devise violating the homestead laws. *See Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1371 (Fla. 1987) ("A reformation relates back to the time the instrument was originally executed and simply corrects the document's language to read as it should have read all along.").

The Residence Trust conveyed to Valerie a life estate in the apartment with a power to appoint the remainder. Appellants have alleged that this conveyance violates constitutional and statutory homestead law. If they are correct, the Apartment would have passed as provided by section 732.401(1), Florida Statutes (2022)—a life estate to Valerie and a remainder to Appellants as the Decedent's descendants. The underlying trust reformation would be ineffective, incapable of curing the illegal devise. Appellants' asserted homestead interest in the property is thus not only relevant to the motion to vacate the trust reformation, but potentially dispositive of it. We accordingly conclude that to resolve the motion to vacate at issue here, the trial court was required to first

address Appellants' asserted homestead interest.  The court's failure to do so was error.

## Conclusion

Appellants' asserted homestead interest in the apartment is inextricably intertwined with the Reformation Judgment.  The trial court erred in failing to address that interest before ruling on the Motion to Vacate.  We thus reverse the trial court's order denying that motion.  On remand, the trial court must consolidate the Motion to Vacate with the Homestead Petition so that both matters may be resolved together.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and CIKLIN, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***